UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHANIE POWERS, *on behalf of herself and all others similarly situated*,<br>　　　*Plaintiff,*<br><br>v.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT, LLC,<br>　　　*Defendant.* | )<br>)<br>)<br>)<br>)　Massachusetts Superior Court<br>)　Worcester County<br>)　Civil Action No. 1885-CV-01463<br>)<br>)<br>)<br>) |

## DEFENDANT, RECEIVABLE PERFORMANCE MANAGEMENT, LLC'S NOTICE OF REMOVAL TO FEDERAL COURT

Defendant, Receivables Performance Management, LLC ("RPM"), hereby removes Civil Action No. 1885-CV-01463, currently pending in Massachusetts Superior Court, Worcester County, to the United States District Court for the District of Massachusetts, Central Division, based on class action diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332(d), 1446, and 1453.

## STATEMENT OF JURISDICTION

1.　　This is a civil class action over which this Court has original jurisdiction, pursuant to 28 U.S.C. § 1332(d), and one that may be removed to this Court, pursuant to 28 U.S.C. §§ 1446 and 1453.

## TIMELINESS OF REMOVAL & PRIOR PROCEEDINGS

2.　　On September 21, 2018, the Plaintiff, Stephanie Powers, filed the subject action in the Massachusetts Superior Court, Worcester County (Civil Action No. 1885-CV-01463). A true and accurate copy of the State Court filings referenced herein is attached as an Exhibit to this Notice. *See generally* Dec. of T. Blatchley.

3.　　On October 2, 2018, the Plaintiff served RPM with the Complaint via process

1

server.

4.      On October 16, 2018, RPM timely submitted a Notice of Removal with this Court, on the basis of complete diversity jurisdiction (Civil Action No. 4:18-cv-40170-TSH). On October 24, 2018, the Plaintiff filed a Motion for Remand to State Court. On November 7, 2018, RPM filed its Opposition to the Plaintiff's Motion. On April 7, 2019, this Court (Hillman, J.) granted the Plaintiff's Motion for Remand, on the grounds that the Plaintiff's individual damages did not exceed the requisite threshold for this Court to exercise jurisdiction.

5.      On May 7, 2019, following remand to State Court, RPM filed its Answer to the Plaintiff's Complaint.

6.      On August 27, 2019, RPM filed a Motion to Compel Arbitration, which the Plaintiff opposed. The State Court granted RPM's Motion on November 14, 2019.

7.      On November 4, 2019, while RPM's Motion to Compel Arbitration was pending before the State Court, the Plaintiff filed a Motion to Compel Discovery. The State Court did not immediately rule on this Motion, given its Order granting RPM's Motion to Compel Arbitration.

8.      On December 26, 2019, the Plaintiff filed a Motion for Reconsideration of the State Court's Order granting RPM's Motion to Compel Arbitration, which RPM opposed. On January 2, 2020, the State Court denied the Plaintiff's Motion for Reconsideration, and further stayed all proceedings in the case, pending resolution of a case pending before the Supreme Judicial Court of Massachusetts at that time.

9.      On July 28, 2020, the Supreme Judicial Court issued a decision in *Landry v. Transworld Systems, Inc.*, 485 Mass. 334 (2020). Following issuance of this decision, on September 17, 2020, the Plaintiff filed a Motion to Reopen the Case and renewed its Motion for Reconsideration, which RPM opposed. On January 14, 2021, the State Court granted the Plaintiff's

Motion for Reconsideration and simultaneously reversed its prior decision by denying RPM's Motion to Compel Arbitration.

10. On March 19, 2021, RPM filed its own Motion for Reconsideration of the State Court's January 2021 Order denying its Motion to Compel Arbitration, which the Plaintiff opposed.

11. On April 12, 2021, the Plaintiff again filed a Motion to Compel Discovery, which RPM opposed.

12. On May 17, 2021, the Parties appeared for a Hearing concerning both pending motions, and the State Court took the matter under advisement. On October 15, 2021, the State Court granted the Plaintiff's Motion to Compel Discovery, and notified the Parties of this Order on October 18, 2021.

13. On October 18, 2021, the State Court also notified the Parties of its Order denying RPM's Motion for Reconsideration. The State Court purportedly issued this decision on May 26, 2021, but did not enter the Order onto the docket until October 18, 2021. When the State Court did enter the Order onto the docket on October 18, 2021, it retroactively dated the Order for May 26, 2021.

14. On November 17, 2021, RPM simultaneously filed a petition to a single justice of the Massachusetts Appeals Court, pursuant to M.G.L. c. 231, § 118 (Case No. 2021-J-0544), and also filed an Emergency Motion to Stay Proceedings pending the appeal in the Superior Court.

15. On November 24, 2021, a single justice of the Appeals Court (Englander, J.) denied RPM's petition.

16. On November 30, 2021, RPM voluntarily withdrew its Emergency Motion to Stay Proceedings, following receipt of the single justice's opinion denying RPM's petition.

17.     After withdrawal of the Emergency Motion to Stay Proceedings, RPM began investigation into the data related to the State Court's Order granting the Plaintiff's Motion to Compel Discovery. On or around, December 11, 2021, during its efforts to respond to the Plaintiff's discovery requests, RPM learned that the amount of potential statutory violations within the timeframe of the Plaintiff's proposed class in her Complaint would exceed $5,000,000 in potential damages.

18.     Pursuant to 28 U.S.C. § 1446(b)(3), this action is currently removable to this Court because while the Plaintiff's initial Complaint did not immediately reveal itself to be removable pursuant to 28 U.S.C. §§ 1332(d) and 1453, RPM first ascertained that the action may be removed on or around December 11, 2021, during the course of discovery. RPM learned on that date that the amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). RPM thus timely submits this Notice of Removal within 30 days of receipt of the papers that demonstrated entitlement to said removal. *See* 28 U.S.C. § 1446(b)(3). RPM further notes that pursuant to 28 U.S.C. § 1453(b), the one-year limitation period set forth in 28 U.S.C. § 1446(c)(1) shall not apply to this class action.

## BASIS FOR DIVERSITY JURISDICTION

19.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because this matter involves a class action in which the matter in controversy exceeds $5,000,000, exclusive of interest and costs. Moreover, this Court has diversity jurisdiction because at least one class member, including the Plaintiff herself, is a citizen of a different State as RPM, the lone defendant in this action.

## Class Action Diversity

20.     The Plaintiff alleges in her Complaint that RPM is a Washington business entity

with a principal address of 20816 44th Avenue West, Lynnwood, Washington 98036. The Plaintiff further alleges that RPM does not maintain a principal place of business within the Commonwealth of Massachusetts, nor does it keep any assets in the Commonwealth. *See* **Complaint**, at ∥ 7.

21.    At the time of filing of the Complaint, and at the time of this Notice of Removal, RPM is a business incorporated in the State of Washington, and also holds a principal place of business in the State of Washington.

22.    Accordingly, because at least one of the Plaintiff's class members, including the Plaintiff herself, is a citizen of a different State than RPM, diversity of citizenship exists, pursuant to 28 U.S.C. § 1332(d).

<b><u>"Class Action" Claims in the Plaintiff's Complaint</u></b>

23.    Pursuant to 28 U.S.C. § 1332(d)(1)(B), a "class action" shall mean any civil action filed under either Rule 23 of the Federal Rules of Civil Procedure, or a similar State statute or rile of judicial procedure authorizing an action to be brought by 1 or more representative persons.

24.    The Plaintiff alleges in Paragraphs 19 of her Complaint that she intends to bring her cause of action as a class action pursuant to M.G.L. c. 93A, § 9(2) and Rule 23 of the Massachusetts Rules of Civil Procedure.

25.    M.G.L. c. 93A regulates Business Practices for Consumers Protection. Pursuant to M.G.L. c. 93A, § 9(2):

> "Any persons entitled to bring such action may, if the use or employment of the unfair or deceptive act or practice has caused similar injury to numerous other persons similarly situated and if the court finds in a preliminary hearing that he adequately and fairly represents such other persons, bring the action on behalf of himself and such other similarly injured and situated persons; the court shall require that notice of such action be given to unnamed petitioners in the most effective practicable manner. Such action shall not be dismissed, settled or compromised without the approval of the court, and notice of any proposed dismissal, settlement or compromise shall be given to all members of the class of petitioners in such manner as the court directs."

26. Additionally, Rule 23 of the Massachusetts Rules of Civil Procedure sets forth the procedures for certifying and maintaining a class action in Massachusetts state courts.

27. Accordingly, this subject action satisfies the definition of "class action," as contemplated within 28 U.S.C. § 1332(d).

**Amount in Controversy**

28. Pursuant to 28 U.S.C. § 1332(d)(2), this Court shall have original jurisdiction over a civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which any class member is a citizen of a different State than any defendant.

29. If a class action complaint does not allege that more than $5 Million is in controversy, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

30. On or around December 11, 2021, RPM learned through analyzing its call data during the time period at issue in the Plaintiff's class that the number of calls implicated within the time period exceeds the $5,000,000 threshold, based upon the nominal $25/violation amount in damages these class members may be entitled to, in addition to the potential for double or treble damages, in the event RPM's conduct is found to be willful. *See* M.G.L. c. 93A, § 9(3). If a fact finder determines that these calls were, in fact, placed in violation of the governing debt collection practices regulations, and that RPM's conduct was willful, this controversy will certainly exceed $5,000,000. To be clear, the number of calls multiplied by the statutory penalty satisfies the

$5,000,000 threshold irrespective of any punitive multiplier.

31.     The Plaintiff's Complaint further seeks recovery of reasonable attorneys' free, litigation expenses, and costs incurred, pursuant to M.G.L. c. 93A, § 9.

32.     Accordingly, the amount in controversy in this action exceeds the sum or value of $5 Million, as required under 28 U.S.C. § 1332(d).

## Class Size

33.     Pursuant to 28 U.S.C. § 1332(d), the proposed class size must also include 100 class members in order to be eligible for removal under the statute.

34.     RPM represents to this Court that while the Plaintiff has yet to identify the total number of class members within its proposed class, RPM anticipates this number will almost certainly exceed 100. RPM's analysis of its call data revealed that it contacted over 206,000 accounts during the Plaintiff's proposed timeframe for its class.

35.     Accordingly, the class size for the Plaintiff's proposed class will exceed 100 members, as required under 28 U.S.C. § 1332(d).

## REMOVAL TO THIS JURISDICTION IS PROPER

36.     This action may be removed by RPM to this Court pursuant to 28 U.S.C. §§ 1453; 1446; and 1332, because this is a civil class action with minimal diversity, over 100 class members, and an amount in controversy that exceeds $5 Million.

37.     Venue is proper pursuant to 28 U.S.C. § 1441(a), which provides for removal to the United States District Court for the district and division embracing the place where the action is pending. Removal to the United States District Court for the District of Massachusetts, Central Division, is appropriate because the removed State Court action was filed in the Massachusetts Superior Court, Worcester County, which is located in this judicial district.

WHEREFORE, RPM prays that this action be removed from the Massachusetts Superior Court, Worcester County, to the United States District Court for the District of Massachusetts, Central Division. In accordance with Local Rule 5.4(f) and Local Rule 81.1(a), RPM will, within twenty-eight (28) days, file with this Court certified copies of all records, proceedings, and docket entries in the State Court.

Respectfully submitted,
RECEIVABLES PERFORMANCE
MANAGEMENT, LLC,
By its attorneys,

*/s/ Thomas C. Blatchley*
Thomas C. Blatchley, Esq.
BBO #706212
Shaun D. Loughlin, Esq.
BBO #698804
GORDON REES SCULLY MANSUKHANI LLP
21 Custom House Street, 5th Floor
Boston, MA 02110
(857) 504-2017
tblatchley@grsm.com
sloughlin@grsm.com

Dated: December 23, 2021

## <u>CERTIFICATE OF SERVICE</u>

I, Thomas C. Blatchley, hereby certify that on this 23rd day of December, 2021, I served a copy of the foregoing via first class mail, postage pre-paid, addressed to:

Sergei Lemberg, Esq.
Stephen Taylor, Esq.
LEMBERG LAW, LLC
43 Danbury Road
Wilton, Connecticut 06897

*/s/ Thomas C. Blatchley*
Thomas C. Blatchley, Esq.
