UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF MASSACHUSETTS

STEPHANIE POWERS, *on behalf of herself*
*and all others similarly situated*,
    Plaintiff,

v.

RECEIVABLES PERFORMANCE
MANAGEMENT, L.L.C.,
    Defendant.

Worcester Superior Court C.A. # 18-1463-D

## DEFENDANT RECEIVABLES PERFORMANCE MANAGEMENT, LLC'S NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441(B) (DIVERSITY)

    The Defendant Receivables Performance Management, LLC (the "Defendant") hereby removes civil case number 18-1463-D from the Massachusetts Superior Court, Worcester County, to the United States District Court, Central District of Massachusetts, based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1441(b) and 1446.

### STATEMENT OF JURISDICTION

    1.    This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and one that may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

### TIMELINESS OF REMOVAL

    2.    On September 21, 2018, the Plaintiff Stephanie Powers (the "Plaintiff") filed the civil action entitled *Stephanie Powers, on behalf of herself and all others similarly situated v. Receivables Performance Management*, in Worcester Superior Court. The civil action was given Case Number 18-1463.  A true and correct copy of the Summons and State Court Complaint ("Complaint"), and all accompanying documents, are attached as <u>Exhibit A</u>.

    3.    On October 2, 2018, the Plaintiff served the Defendant with the Complaint by process server.  A true and correct copy of the Proof of Service of Summons, filed by Plaintiffs

on October 9, 2018, is attached as <u>Exhibit B</u>.

5.      Pursuant to 28 U.S.C. §1446(b), Defendant must file a Notice of Removal with this Court within thirty (30) days after completion of service upon Defendant of the initial pleading setting forth the claim for relief upon which this action or proceeding is based.  Thirty days since service of the Summons and Complaint have not passed, and this matter remains removable to Federal Court.

## BASIS FOR DIVERSITY JURISDICTION

6.      This District Court has diversity jurisdiction over this action under 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of a State and citizens or subjects of a foreign state.

### (Complete Diversity)

7.      In the Plaintiff's Complaint, the Plaintiff alleges that she is an individual residing in Worcester, Worcester County, Commonwealth of Massachusetts. <u>See</u> <u>Exhibit A</u> at ¶ 6.

8.      In the Plaintiff's Complaint, the Plaintiff alleges that the Defendant is a Washington business entity with a principal address of 20816 44th Avenue West, Lynnwood, Washington 98036. The Plaintiff further alleges that the Defendant does not maintain a principal place of business within the Commonwealth of Massachusetts, nor does it keep any assets in the Commonwealth of Massachusetts.  <u>See</u> <u>Exhibit A</u> at ¶ 7.

9.      At the time of filing of the Complaint and this Notice of Removal, Defendant is business incorporated in Washington and holds a principal place of business in Washington.

10.     Accordingly, because Plaintiff is a citizen of the Commonwealth of Massachusetts and Defendant is a corporation incorporated in Washington with a principal place of business in Washington, there is complete diversity of citizenship between the Plaintiff and the Defendant.

### (Amount in Controversy)

11.     According to the Plaintiff's Complaint, the Plaintiff along with a class to be determined at a later date, seeks damages against the Defendant pursuant to the Massachusetts

Consumer Protection Act – Mass. Gen. Laws. ch. 93A, §2 – and the Massachusetts Debt Collection Regulations – 940 CMR § 7.00.  See Exhibit A at ¶¶ 22, 38, and 39.

12.     In support of Plaintiff's claims for damages in this action, the Plaintiff alleges $750,000.00 in damages. See Plaintiff's Civil Action Cover Sheet attached as Exhibit C.

13.     Accordingly, the amount in controversy in this action exceeds the sum or value of $75,000.00.

## REMOVAL TO THIS JURISDICTION IS PROPER

14.     This action may be removed by Defendant to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1446, in that it is a civil action wherein the amount in controversy exceeds the sum of $75,000.00 and is between citizens of a State and citizens of a foreign state.

15.     Venue is proper under 28 U.S.C. § 1441(a), which provides for removal to the District Court of the United States for the district and division embracing the place where the action is pending. Removal to the United States District Court for the Central District of Massachusetts is appropriate because the removed state court action was filed in Massachusetts Superior Court in the County of Worcester, which is located within this judicial district.

WHEREFORE, Defendant prays that this action be removed from the Massachusetts Superior Court, County of Worcester to the United States District Court for the Central District of Massachusetts.

Respectfully submitted,

RECEIVABLES PERFORMANCE
MANAGEMENT LLC,
Defendant, by their attorneys

Dated:  October 16, 2018

/s/ Jack I. Siegal
Jack I. Siegal (BBO No. 669173)
857-504-2033
jsiegal@grsm.com
Gordon & Rees Scully Mansukhani
21 Custom House Street, 5th Floor
Boston, MA 02110

## CERTIFICATE OF SERVICE

I, Jack I. Siegal, hereby certify that on this 16th day of October, 2018, I served a copy of the foregoing by first class mail, postage pre-paid, addressed to:

Sergei Lemberg
LEMBERG LAW, LLC
43 Danbury Road
Wilton, CT 06897

/s/ Jack I. Siegal
Jack I. Siegal

# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS
County of Worcester
The Superior Court



SEP **2 1** 2018

CLERK OF COURTS
WORCESTER COUNTY

| | |
|---|---|
| Stephanie Powers, *on behalf of herself and all others similarly situated,* | : |
| | : |
| Plaintiff, | : |
| | : Civil Docket #: 18 - 1463 D |
| v. | : |
| | : |
| | : |
| Receivables Performance Management, L.L.C., | : |
| | : |
| Defendant. | : |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

For this Class Action Complaint, Plaintiff Stephanie Powers, by and through undersigned counsel, pleading on her own behalf and on behalf of all others similarly situated, states as follows:

### INTRODUCTION

1.     This action arises out of Defendant Receivables Performance Management, L.L.C.'s ("RPM" or "Defendant") repeated violations of the Massachusetts Consumer Protection Act, M.G.L. c. 93A § 2, *et seq.* ("MCPA"), and Massachusetts Debt Collection Regulations, 940 CMR § 7.00, *et seq.* ("MDCR"), in its illegal efforts to collect consumer debts.

2.     In 2011, then-Massachusetts Attorney General Martha Coakley launched an investigation to bring Massachusetts debt collection practices "up-to-date . . . to be consistent with other state and federal agencies" and to "ensure that the playing field is level for both creditors and consumer so that all parties are better protected." *See*

http://www.mass.gov/ago/news-and-updates/press-releases/2012/2012-03-01-debt-collection-regulations.html (last visited Sept. 18, 2018).

3.      As a result of that investigation, Attorney General Coakley regulated it an "unfair or deceptive act or practice for a creditor" to "initiate a communication with any debtor via telephone, either in person or via text messaging or recorded audio message, in excess of two such communications in each seven-day period to either the debtor's residence, cellular telephone, or other telephone number provided by the debtor as his or her personal telephone number." 940 CMR § 7.04(1)(f).

4.      The Attorney General has advised, and the Massachusetts Supreme Court recently confirmed, that the regulation means debt collectors cannot place more than two collection calls per week to Massachusetts consumers, regardless of the outcome of the call. *See Armata v. Target Corp.*, 480 Mass. 14, 15–16, 23, 99 N.E.3d 788, 790, 795-96 (2018) ("The regulation applies to any attempted telephonic communication by a creditor to a debtor in an effort to collect a debt, so long as . . . the creditor is able to reach the debtor or to leave a voicemail message for the debtor" and "The regulation does not limit 'communication[s],' but, rather, the initiation of communications. The fact that [creditor] did not successfully directly convey information to [debtor] is unimportant, because [creditor] nevertheless initiated the process of conveying information to [debtor] via telephone.") (quoting 940 CMR § 7.04(1)(f)).

5.      It is RPM's practice to call Massachusetts consumers more than twice a week to attempt to collect debts.  RPM placed more than two collection calls to Plaintiff Stephanie Powers ("Plaintiff") within a seven-day period, violating the express provisions of § 7.04(1)(f). Plaintiff seeks to represent all consumers similarly situated.  Plaintiff seeks injunctive relief to

2

end RPM's illegal practice, declaratory relief to make RPM's violations known to the class, actual and statutory damages, as well as attorneys' fees and costs.

## PARTIES

6.    Plaintiff, Stephanie Powers, is an adult individual residing in Worcester, Worcester County, Commonwealth of Massachusetts, and is a "debtor" as defined by 940 C.M.R. § 7.03.

7.    Defendant, Receivables Performance Management, L.L.C., is a Washington business entity with a principal address of 20816 44th Avenue West, Lynnwood, Washington 98036, and is a "creditor" as defined by 940 CMR § 7.03. Upon information and belief, RPM does not maintain a place of business within the Commonwealth of Massachusetts, nor does it keep any assets in the Commonwealth of Massachusetts.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.    Plaintiff allegedly incurred a financial obligation (the "Debt").

9.    The Debt arose from services which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 940 CMR § 7.03.

10.    RPM attempted to collect the Debt from Plaintiff and, as such, initiated and engaged in "communications" as defined in 940 CMR § 7.03.

### B.  RPM Engages in Unfair Business Practices

11.    In or around September 2018, RPM began calling Plaintiff's cellular telephone in an attempt to collect the Debt.

12.    RPM called Plaintiff's cell phone at number 774-XXX-0773.

13.    RPM called Plaintiff from, *inter alia*, telephone number 425-372-5304.

14.     RPM called Plaintiff at an excessive and harassing rate, placing more than two calls to Plaintiff within a seven-day period.   For example, RPM called Plaintiff's cellular telephone on September 4, 2018 and then on three separate occasions on September 6, 2018.

## C.  Plaintiff Suffered Actual Damages and Injury

15.     Plaintiff suffered actual damages as a result of RPM's unlawful conduct.

16.     As a direct consequence of RPM's acts, practices and conduct, Plaintiff suffered anger, anxiety, emotional distress, fear, frustration and embarrassment.

17.     RPM's repeated calls were distracting and an inconvenience to Plaintiff, and an invasion of her personal privacy.

18.     RPM's repeated calls wasted Plaintiff's time and energy spent tending to RPM's calls.

## CLASS ACTION ALLEGATIONS

## A.  The Class

19.     Plaintiff brings this case as a class action pursuant to M.G.L. c. 93A, § 9(2) and Rule 23 of the Massachusetts Rules of Civil Procedure.

20.     Plaintiff seeks to represent the following class (the "Class"):

**All consumers residing in the Commonwealth of Massachusetts who, within four years prior to the filing of this action, received in excess of two telephone calls regarding a debt from RPM within a seven-day period to their residence, cellular telephone, or other provided telephone number.**

4

**B. Numerosity**

21.     As its regular business practice, RPM hounds Massachusetts consumers with numerous debt collection calls per week.  Class members are believed to be so numerous that joinder of all members is impractical.

22.     The exact number and identities of class members are unknown at this time and can only be ascertained through discovery.  Identification of the class members is a matter capable of ministerial determination from Defendant's records.

23.     Plaintiff reasonably believes that there are thousands of Massachusetts consumers who are members of the Class.

**C. Common Questions of Law and Fact**

24.     There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual class members.

25.     The following questions of law and fact common to the class members are ripe for determination and are raised herein:

    a.  Whether Defendant violated M.G.L. c. 93A § 2 and 940 CMR § 7.04(1)(f) by placing in excess of two debt collection calls per debt per seven-day period; and

    b.  Whether Defendant willfully and knowingly placed in excess of two debt collection calls per debt per seven-day period.

**D. Typicality**

26.     Plaintiff's claims are typical of the claims of the class members, since each of the claims arises from receiving in excess of two debt collection calls within a seven-day period.

E. Protecting the Interests of Class Members

27.     Plaintiff will fairly and adequately represent the interests of class members, all of whom are victims of Defendant's unlawful conduct.

28.     All of the class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

29.     Plaintiff has retained counsel experienced in bringing class actions and debt collection abuse claims and who stands ready, willing and able to represent the Class.

F. Proceeding Via Class Action is Superior and Advisable

30.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

31.     Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

32.     The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

33.     Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

34.     The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiffs and the other class members.

## COUNT I
## VIOLATIONS OF THE MCPA, M.G.L. c. 93A, § 2,
## AND MDCR, 940 CMR § 7.04(1)(f)

35.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36.     Defendant initiated communication via telephone in excess of two times within a seven-day period regarding a Debt to Plaintiff's cellular telephone, in violation of 940 CMR § 7.04(1)(f).

37.     Defendant's failure to comply with 940 CMR § 7.04(1)(f) constitutes an unfair or deceptive act in violation of M.G.L. c. 93A § 2.

38.     Defendant willfully or knowingly violated 940 CMR § 7.04(1)(f), and as such, Plaintiff is entitled to double or treble damages plus reasonable attorney's fees and costs.

39.     Pursuant to M.G.L. c. 93A, § 9, Plaintiff is entitled to and does seek equitable relief in the form of an injunction preventing Defendant from placing in excess of two collection calls within any seven days to any Massachusetts consumers' telephone.

40.     Pursuant to M.G.L. c. 93A, § 9, Plaintiff is entitled to and does seek declaratory relief such that:

- Defendant knowingly and willfully violated M.G.L. c. 93A c. 93A, § 2 and 940 CMR § 7.04(1)(f) as to Plaintiff and the class; and

- It has been Defendant's practice and history to place in excess of two debt collection telephone calls within seven days to Massachusetts consumers.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff asks that the Court enter judgment in favor of Plaintiff and the Class and against Defendant, as follows:

7

A)   An injunction preventing Defendant from placing in excess of two collection calls within any seven days to any Massachusetts consumer's telephone;

B)   Declaratory relief as prayed herein;

C)   Awarding actual damages as provided under the MCPA, pursuant to M.G.L. c. 93A § 9, including treble damages for Defendant's willful conduct;

D)   Awarding statutory damages as provided under the MCPA, pursuant to M.G.L. c. 93A § 9, including treble damages for Defendant's willful conduct;

E)   Awarding reasonable attorney fees, litigation expenses and costs incurred pursuant to M.G.L. c. 93A § 9;

F)   Granting such other and further relief this Court deems just and appropriate.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: September 18, 2018

PLAINTIFF,
STEPHANIE POWERS

By Plaintiff's attorneys,

LEMBERG LAW, LLC

Sergei Lemberg (BBO# 650671)
slemberg@lemberglaw.com
LEMBERG LAW, LLC
43 Danbury Road
Wilton, CT 06897
T: (203) 653-2250
F: (203) 653-3424

8

# EXHIBIT B

# Commonwealth of Massachusetts

Stephanie Powers, on behalf
of herself and all others
Similarly Situated _____, PLAINTIFF(S),

v

Receivables Performance Management, L.L.C.
_____, DEFENDANT(S)

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 18-1463D

## SUMMONS

THIS SUMMONS IS DIRECTED TO Receivables Performance Management, L.L.C. (Defendant's name)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Worcester Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. You must respond to this lawsuit in writing within 20 days. If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. How to Respond. To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your signed original response with the Clerk's Office for Civil Business, Worcester Superior Court, 15 Main St. Worcester, MA 01608 (address), by mail or in person, **AND**
   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: Lemberg Law LLC, 43 Danbury Rd., Wilton CT 06897

3. What to include in your response. An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____. (SEAL)

Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

# PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____
_____
_____

Dated: _____, 20___    Signature: _____

N.B.    TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Oct 1st 2018

**A TRUE COPY ATTEST**

Special    Process Server & Disinterested Person

# EXHIBIT C

| CIVIL ACTION COVER SHEET | DOCKET NUMBER  18 – 1463 D | Trial Court of Massachusetts  The Superior Court |
|---|---|---|

| | | COUNTY Worcester |
|---|---|---|
| PLAINTIFF(S): | Stephanie Powers, on behalf of herself and all others similarly situated. | |
| ADDRESS: | 3 Draper St., Worcester, MA 01604 | |
| | | DEFENDANT(S): Receivables Performance Management, L.L.C.. |
| ATTORNEY: | Sergei Lemberg | |
| ADDRESS: | Lemberg Law, LLC, 43 Danbury Road | ADDRESS: 20616 44th Avenue West, Lynnwood, WA 98036 |
| | Wilton, Connecticut 06897 | |
| BBO: | 650671 | |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. B99 | TYPE OF ACTION (specify) M.G.L. c. 93A § 2, et seq | TRACK F | HAS A JURY CLAIM BEEN MADE? ☒ YES ☐ NO |
|---|---|---|---|

If "Other" please describe:  VIOLATIONS OF THE MASSACHUSETTS CONSUMER PROTECTION ACT

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses ................................................................ $ _____
 2. Total doctor expenses .................................................................. $ _____
 3. Total chiropractic expenses ......................................................... $ _____
 4. Total physical therapy expenses ................................................. $ _____
 5. Total other expenses (describe below) ....................................... $ _____
                                                                       Subtotal (A): $ _____

RECEIVED

SEP 21 2018

CLERK OF COURTS
WORCESTER COUNTY

B. Documented lost wages and compensation to date ........................... $ _____
C. Documented property damages to dated ........................................... $ _____
D. Reasonably anticipated future medical and hospital expenses .......... $ _____
E. Reasonably anticipated lost wages .................................................... $ _____
F. Other documented items of damages (describe below) ...................... $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

                                                                   TOTAL (A-F):$ _____

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

                                                             TOTAL: $   750,000.00

Signature of Attorney/Pro Se Plaintiff: X _____        Date: 09/18/2018

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____        Date: 09/18/2018

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. **Title of case (name of first party on each side only)** Stephanie Powers, on behalf of herself and all others similarly situated, vs. Receivables Performance Management LLC.

2. **Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local rule 40.1(a)(1)).**

   ☐    I.      410, 441, 470, 535, 830*, 835*, 891, 893, 895, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐    II.      110, 130, 140, 160, 190, 196, 230, 240, 290,320,362, 370, 371, 380, 430, 440, 442, 443, 445, 446, 448, 710, 720, 740, 790, 820*, 840*,  850, 870,  871.

   ☑    III.      120, 150, 151, 152, 153, 195, 210, 220, 245, 310, 315,  330, 340, 345, 350, 355, 360, 365, 367, 368, 375, 376, 385, 400, 422, 423, 450, 460, 462, 463, 465, 485, 490, 510, 530, 540, 550, 555,  625, 690, 751, 791, 861-865,  890, 896, 899, 950.

              *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. **Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.**

4. **Has a prior action between the same parties and based on the same claim ever been filed in this court?**
            YES ☐      NO ☑

5. **Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)**
            YES ☐      NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
            YES ☐      NO ☐

6. **Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?**
            YES ☐      NO ☑

7. **Do all of the parties  in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).**
            YES ☐      NO ☑

   A.      If yes, in which division do all of the non-governmental parties reside?

          Eastern Division ☐      Central Division ☐      Western Division ☐

   B.      If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

          Eastern Division ☐      Central Division ☑      Western Division ☐

8. **If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)**
            YES ☐      NO ☑

**(PLEASE TYPE OR PRINT)**
**ATTORNEY'S NAME** Jack Siegal
**ADDRESS** 21 Custom House St., Boston, MA 02110
**TELEPHONE NO.** (857) 504-2033

                                                   (CategoryForm9-2018.wpd )

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Stephanie Power, on behalf of herself and all others similarly situated.

## DEFENDANTS

Recievable Performance Management, LLC

**(b)** County of Residence of First Listed Plaintiff    Worcester County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Snohomish County (WA)
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Sergei Lemberg (BBO # 650671), 43 Danbury Road, Wilton, CT (203) 653-2250

Attorneys *(If Known)*

Jack Siegal (BBO # 669173), 21 Custom House St., Boston, MA 02110, (857) 504-2033

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br>**PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. s. 1441(b)

Brief description of cause:
Plaintiff brings class action lawsuit against out of state defendant for alleged violations of MGL ch. 93A.

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $  750,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE
10/16/2018

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| Stephanie Powers, *on behalf of herself and all others similarly situated,* | : |
| | : |
| Plaintiff, | : Civil Action No.: 4:18-cv-40170-TSH |
| | : |
| v. | : |
| | : |
| Receivables Performance Management LLC, | : |
| | : |
| Defendant. | : |

**PLAINTIFF'S MOTION TO REMAND FOR**
**LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff Stephanie Powers, by and through undersigned counsel, respectfully moves the

Court to remand this case to Worcester Superior Court, where it was originally filed, for lack of

subject matter jurisdiction. In support of this Motion, Plaintiff submits the accompanying

memorandum of law.

WHEREFORE, Plaintiff respectfully requests that the Court remand this case to

Worcester Superior Court.

Dated: October 24, 2018                    Respectfully submitted,

By  /s/ Sergei Lemberg
Sergei Lemberg, Esq. (BBO# 650671)
LEMBERG LAW, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff

## <u>CERTIFICATE PURSUANT TO LOCAL RULE 7.1</u>

THIS IS TO CERTIFY that I conferred with counsel for the Defendant on October 17, 2018 in a good faith effort to resolve or narrow the dispute set forth herein.  The conference did not resolve the dispute.

By /s/ Sergei Lemberg
Sergei Lemberg

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 24, 2018 a copy of the foregoing was served electronically by the U.S. District Court for the District of Massachusetts Electronic Document Filing System (ECF) and that the document is available on the ECF system.

By /s/ Sergei Lemberg
Sergei Lemberg

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Stephanie Powers, *on behalf of herself and all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>Receivables Performance Management LLC,<br><br>Defendant. | Civil Action No.: 4:18-cv-40170-TSH |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND**
**FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff Stephanie Powers ("Plaintiff"), by and through undersigned counsel, respectfully submits this memorandum of law in support of her Motion to Remand. As set forth below, Defendant has failed to show a reasonable probability that the matter in controversy exceeds the jurisdictional threshold under 28 U.S.C. § 1332. Accordingly, Plaintiff respectfully requests that this action be remanded to the Worcester Superior Court under 28 U.S.C. § 1447.

## BACKGROUND

This action involves a Massachusetts state regulation that limits the number of times a creditor like Defendant Receivables Performance Management LLC ("RPM" or "Defendant') can call consumers. Specifically, it involves "Title 940 Code Mass. Regs. § 7.04(1)(f) (2012) (regulation), implementing G. L. c. 93A, § 2," which "prohibits creditors from '[i]nitiating a communication with any debtor via telephone, either in person or via text messaging or recorded audio message, in excess of two such communications in each seven-day period.'" *Armata v. Target Corp.*, 480 Mass. 14, 15, 99 N.E.3d 788, 790 (2018) (quoting 940 Code Mass. Regs. § 7.04(1)(f)).

On September 18, 2018, Plaintiff filed her class action complaint in Worcester Superior Court against RPM regarding its repeated violations of the Massachusetts Consumer Protection Act, M.G.L. c. 93A § 2, *et seq.* ("MCPA"), and Massachusetts Debt Collection Regulations, 940 CMR § 7.00, *et seq.* ("MDCR"). (Doc. No. 1-1). Specifically, Plaintiff alleges that RPM placed more than two calls in a seven-day period to her (indeed, she alleges that RPM called her three separate times in a single day), and a class of similarly situated Massachusetts residents, in violation of 940 CMR § 7.04(1)(f). *See id.* She seeks to represent a class consisting of "[a]ll consumers residing in the Commonwealth of Massachusetts who, within four years prior to the filing of this action, received in excess of two telephone calls regarding a debt from RPM within a seven-day period to their residence, cellular telephone, or other provided telephone number." *Id.* at ¶ 20.

The demand for relief in Plaintiff's complaint "asks that the Court enter judgment in favor of Plaintiff and the Class and against Defendant" and seeks "[a]n injunction preventing Defendant from placing in excess of two collection calls within any seven days to any Massachusetts consumer's telephone"; declaratory relief; actual and statutory damages; reasonable attorney's fees and costs, and any other relief the Court deems appropriate. *Id.* at pp. 7-8. It does not treat individual and class damages differently. *See id.*

The civil action cover sheet filed with the complaint also specifies that Plaintiff brought that action "on behalf of herself and all others similarly situated" and lists the total damages as $750,000. (Doc. No. 1-3).

On October 16, 2018, RPM removed the case to this Court. (Doc. No. 1). In its Notice of Removal, RPM states that this Court "has diversity jurisdiction over this action under 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00 and is between

citizens of a State and citizens or subjects of a foreign state." *Id.* at p. 2. RPM argues that (1) there is complete diversity because Plaintiff alleges she resides in the Commonwealth of Massachusetts and that Defendant is a Washington state business entity and (2) the amount in controversy in this action exceeds the sum or value of $75,000.00 because "Plaintiff alleges $750,000.00 in damages" on her civil cover sheet. *Id.* at pp. 2-3. But "[a] statement of money damages" included on a civil cover sheet "shall not constitute a judicial admission nor may it be admitted in evidence." Mass. Sup. Ct. R. 29(4). In addition, while RPM notes that "Plaintiff along with a class to be determined at a later date, seeks damages against the Defendant," RPM does not provide any details or information regarding the class, including an estimate of the class size, and RPM does not invoke subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

## ARGUMENT

### I. Legal Standard

Under 28 U.S.C. § 1332(a), district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States . . . ."[1]

In the First Circuit, it is "[t]he party invoking federal jurisdiction" – here RPM – who "has the burden of establishing that the court has subject matter jurisdiction over the case."

---

[1] Separately, under 28 U.S.C. § 1332(d)(2) district courts have "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which — (A) any member of a class of plaintiffs is a citizen of a State different from any defendant; (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state." However, RPM does not argue that the matter in controversy exceeds the sum or value of $5,000,000, and does not invoke this subsection. *See* Doc. No. 1-1.

*Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 48 (1st Cir. 2009). In addition, "[a]ny doubts concerning the court's jurisdiction should be resolved against removal and in favor of remand to the state court." *In re Massachusetts Diet Drug Litig.*, 338 F. Supp. 2d 198, 202 (D. Mass. 2004).

Moreover, where an action is filed as a class action, as here, the *named plaintiff* must independently satisfy the amount-in-controversy requirement for diversity jurisdiction without regard to any other class member's damages. *See Huston v. FLS Language Centres*, 18 F. Supp. 3d 17, 21 n.1 (D. Mass. 2014) (noting in putative class action that because defendants did not rely on CAFA, which "would require an aggregate amount in controversy exceeding $5 million," "the individual plaintiff's claim must exceed $75,000 for diversity jurisdiction."); *Radlo v. Rhone-Poulenc, S.A.*, 241 F. Supp. 2d 61, 65 (D. Mass. 2002) (rejecting defendant's argument that the jurisdictional amount can be satisfied via "some unnamed class member's damages" because "no court has abandoned the requirement that at least one named plaintiff in a class action suit must meet the amount-in-controversy requirement.") (collecting cases); *Gattegno v. Sprint Corp.*, 297 F. Supp. 2d 372, 377 (D. Mass. 2003). Nor can a named plaintiff "aggregate the attorneys' fees of the entire class in order to satisfy the jurisdictional amount requirement when a state statute authorizes the awarding of fees to a successful litigant." *Arrigo v. Scholarship Storage, Inc.*, 2011 WL 3584715, at *4 (D. Mass. Aug. 10, 2011) (citing *Spielman v. Genzyme Corp.,* 251 F.3d 1, 8 (1st Cir. 2001)).

## II.    Damages Available to Plaintiff and the Class

M.G.L. ch. 93A, § 9(1) provides that any person " who has been injured by another person's use or employment of any method, act or practice declared to be unlawful by section two or any rule or regulation issued thereunder . . . may bring an action in the superior court . . .

whether by way of original complaint, counterclaim, cross-claim or third party action, for damages and such equitable relief, including an injunction, as the court deems to be necessary and proper." Section 9(2) provides that such persons may bring claims as a class action. M.G.L. ch. 93A, § 9(2). Regarding the calculation of damages, section 9(3) provides that "if the court finds for the petitioner, recovery shall be in the amount of actual damages or twenty-five dollars, whichever is greater; or up to three but not less than two times such amount if the court finds that the use or employment of the act or practice was a willful or knowing violation of said section two . . . ." M.G.L. ch. 93A, § 9(3).

## III. The Court Lacks Subject Matter Jurisdiction Because The Amount in Controversy Threshold Has Not Been Satisfied

This case should be remanded to Worcester Superior Court because RPM has not satisfied its burden of establishing by a reasonable probability that Plaintiff's individual damages will exceed $75,000.00. *See Huston*, 18 F. Supp. 3d at 21.

RPM's entire argument regarding the amount in controversy, which is solely based on the civil cover sheet, is as follows:

> 11. According to the Plaintiff's Complaint, the Plaintiff along with a class to be determined at a later date, seeks damages against the Defendant pursuant to the Massachusetts Consumer Protection Act – Mass. Gen. Laws. ch. 93A, §2 – and the Massachusetts Debt Collection Regulations – 940 CMR § 7.00. See Exhibit A at ¶¶ 22, 38, and 39.

> 12. In support of Plaintiff's claims for damages in this action, the Plaintiff alleges $750,000.00 in damages. See Plaintiff's Civil Action Cover Sheet attached as Exhibit C.

> 13. Accordingly, the amount in controversy in this action exceeds the sum or value of $75,000.00.

(Doc. No. 1 at pp. 2-3).

5

However, the amount of damages listed on the civil cover sheet – $750,000.00 – refers to the entire expected damages to Plaintiff and the class, and not Plaintiff's individual damages. *See* Doc. No. 1-3.  This should have been obvious to RPM for a number of reasons.  First, Plaintiff noted on the civil action cover sheet itself that she brought the action "on behalf of herself and all others similarly situated." *See id.*  Second, in the prayer for relief in Plaintiff's class action complaint, "Plaintiff asks that the Court enter judgment in favor of Plaintiff *and the Class* and against Defendant, as follows . . ." and then treats damages to her and the class as one and the same. *See* Doc. No. 1-1 at pp. 7-8 (emphasis supplied).  Third, common sense indicates that where the governing statute allows for damages "in the amount of actual damages or twenty-five dollars, whichever is greater," M.G.L. ch. 93A, § 9(3), that a request for damages in a class action for the amount of *$750,000* would encompass the damages of both Plaintiff and the class. (While the statute allows for the greater of $25.00 or actual damages, an award of actual damages in the amount of $750,000 would be 150,000 times the statutory award.)

The court in *Huston v. FLS Language Centres*, rejected an argument nearly identical to the one RPM makes in its Notice of Removal.  In *Hutson*, the plaintiff brought a putative class action alleging violations of the Massachusetts Minimum Wage Statute, and while his complaint did not specify damages, "plaintiff's state-court civil cover sheet claims damages of '$250k+.'" *Huston,* 18 F. Supp. 3d at 21.  The defendant, like RPM, argued that the damages listed on the civil cover sheet "ends the inquiry" because "the plaintiff has alleged damages of more than $75,000." *Id.,* 18 F. Supp. 3d at 21–22.  However, the court agreed with the plaintiff that "the amount was '[q]uite obviously . . . meant to encompass the estimated value of the [p]laintiff's and the putative class's claims, and not just the [p]laintiff's claim individually.'" *Id.,* 18 F. Supp. 3d at 22 ( "a claim of $250,000 in individual damages arising out of only seven months of work

would lead to absurd results.").  Likewise, in *Polion v. Wal-Mart Stores, Inc.*, the court rejected the defendant's argument that each class member separately alleged damages in the amount of $25,000 because the civil cover sheet listed $25,000 as damages. *Polion v. Wal-Mart Stores, Inc.*, 2004 WL 3120092, at *7 (Mass. Super. Dec. 6, 2004).  That court explained that "the Superior Court Rule 29 civil action cover sheet's statement of damages does not require that *each* named plaintiff assert damages in excess of $25,000"; instead "[t]he cover sheet instructions expressly states that 'A civil action cover sheet must be filed with each *complaint.*'" *Id.*  Moreover, "[t]he statement of anticipated damages merely enables the Clerk of the Court to determine, on the face of the cover sheet, whether the Superior Court has the $25,000 minimum required jurisdiction over the case, or whether it should be transferred to a District Court." *Id.* Further, the court noted that "Rule 29 expressly provides that a 'statement of money damages filed pursuant to this rule shall not constitute a judicial admission nor may it be admitted in evidence.'" *Id.*; *see* Mass. Sup. Ct. R. 29(4).

Here too, RPM's reliance on the civil cover sheet should be rejected.  A cursory review of the civil cover sheet and Plaintiff's prayer for relief make clear that the damages on the civil cover sheet of $750,000 represents the combined damages for both Plaintiff and the putative class, not Plaintiff's individual damages.  Because the civil cover sheet does not show that Plaintiff's individual damages are likely to exceed $75,000, and RPM has failed to submit any other evidence regarding the amount in controversy, it has failed to satisfy its burden of showing this Court has subject matter jurisdiction. Accordingly, this case should be remanded back to Worcester Superior Court where it began, pursuant to 28 U.S.C. § 1447.

Dated: October 24, 2018                    Respectfully submitted,


                                           By _/s/ Sergei Lemberg_____
                                           Sergei Lemberg, Esq. (BBO# 650671)
                                           LEMBERG LAW, LLC
                                           43 Danbury Road
                                           Wilton, CT 06897
                                           Telephone: (203) 653-2250
                                           Facsimile:  (203) 653-3424
                                           Attorneys for Plaintiff

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

THIS IS TO CERTIFY that I conferred with counsel for the Defendant on October 17, 2018 in a good faith effort to resolve or narrow the dispute set forth herein. The conference did not resolve the dispute.

By /s/ Sergei Lemberg
Sergei Lemberg


## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2018 a copy of the foregoing was served electronically by the U.S. District Court for the District of Massachusetts Electronic Document Filing System (ECF) and that the document is available on the ECF system.

By /s/ Sergei Lemberg
Sergei Lemberg

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHANIE POWERS, *on behalf of herself and all others similarly situated*, Plaintiff, <br><br> v. <br><br> RECEIVABLES PERFORMANCE MANAGEMENT, L.L.C., Defendant. | CASE NO. 4:18-CV-40170 |

**OPPOSITION TO PLAINTIFF'S MOTION TO REMAND FOR
LACK OF SUBJECT MATTER JURISDICTION**

**INTRODUCTION**

Defendant Receivables Performance Management LLC ("RPM") removed this case to federal court from Worcester County Superior Court based upon diversity of citizenship under 28 U.S.C. Section 1332 because (a) Plaintiff Stephanie Powers ("Powers") is a Massachusetts resident, (b) RPM's principal place of business is in Washington State, and (c) Ms. Powers claims $750,000 in damages - - which is above Section 1332's amount in controversy threshold. Power's Motion to Remand ("Motion") (D.E. 5) asserts that, because the case purports to be a class action and the law prohibits aggregating class damages, the amount in controversy requirement is not satisfied. As such, Powers argues that RPM's Notice of Removal fails to demonstrate that removal was proper.[1]

The Notice of Removal is simply that - - a notice setting forth the general basis for removal. In terms of rationale and evidence, however, those support removal, not remand as Powers suggests. The Court need only look to Power's complaint and ancillary documents to

---

[1] Powers concedes that the she and RPM are diverse citizens under the statute. *See generally* Motion; *see also* Complaint ¶¶ 6-7 (identifying the residence of the parties).

derive sufficient basis for removal.  Indeed, for herself, Powers claims she suffered "actual

damages."  Yet, there is no allegation in the complaint about the damages relating to a purported

class, as there cannot be because Powers alleges she does not know how many members

comprise the supposed class.

At the same time, Powers has told the Superior Court that her damages are $750,000.

Nowhere does the complaint or any other document Powers filed in state court identify the

$750,000 as class damages - - such an assertion would contradict the complaint's allegations.

The class cannot be unknowable in size yet be capped at $750,000 in "contractual" damages

Powers has identified.

Further, while civil action cover sheets may not be dispositive on the amount of

controversy question, they are evidence of what Powers believes her damages are. which is why,

as explained below, Powers efforts to distance herself from her filings are inapposite as are the

cases she cites in support of her Motion.  In short, Power's complaint, statement of damages, and

reasonable inferences from the same demonstrate that Section 1332's amount in controversy

requirement is satisfied.  For these reasons and those stated below, the Court should deny the

Motion.

**ARGUMENT**[2]

**I.      28 U.S.C. Section 1332's Amount in Controversy Requirement is Satisfied**

Power's Motion includes legal standard and "Damages Available to Plaintiff and the

Class" sections.  (Motion at 3-5).  The legal standards are not in dispute.  Rather, the dispute

ensues on Motion page 5 where Powers asserts that "RPM's entire argument regarding the

amount in controversy . . . is *solely* based on the civil cover sheet." (Motion at 5) (emphasis

---

[2] The Motion contains a background section which highlights certain allegations and facts and excludes others.
RPM disagrees with certain of factual characterizations but can address those in its argument as opposed to repeat a
"background" section simply to highlight these differences.

added). RPM, however, relies upon far more than the civil action cover sheet - - but rather the Complaint, the representation in the civil action cover sheet and common sense.

As to the Complaint, Powers alleges that she suffered "actual damages" because of RPM's alleged unlawful phone contacts, including but not limited to "anger, anxiety, emotional distress, fear, frustration and embarrassment." (Compl. ¶¶ 15-16). In other words, Powers' damages are highly personal, emotional and inherently difficult to quantify.

The Complaint then articulates "class action allegations" none of which address class damages (actual or otherwise). (Id. ¶¶ 15- 35). Among the class allegations, Powers pleads that "the exact number and identities of class members *are unknown* at this time and can only be ascertained through discovery." (Id. ¶22). (Emphasis added). Powers believes that there are "*thousands of Massachusetts customers* who are members of the Class." (Id. ¶ 23) (emphasis added). Count I - - the only cause of action - - repeatedly confirms that "*Plaintiff*" (not Plaintiff and the class or the class) "is entitled" to damages, injunctive relief, and declaratory relief." (*Id.* ¶¶ 35-40). Nowhere is there a nexus between the damages Powers claims she suffered and those of the supposed class.

Next, Powers filed a civil action cover sheet alleging "contract claim" damages of $750,000, which suggests that Powers believes there is "privity" between her and RPM (another indication that the damages are personal). Nowhere does the sheet identify that the $750,000 relates specifically to the putative class. Powers, moreover, was invited to "attach additional sheets if necessary" to explain and provide a "detailed description of the claims" yet did neither.

In addition, Massachusetts Superior Court Rule 29(2) ("Duty of the plaintiff") states that "the plaintiff or his counsel shall set forth, where appropriate, a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting monetary damages."

In short, Powers was obliged to expressly delineate and itemize her damages. Whatever burden RPM has to demonstrate the amount of controversy, it does not relieve Powers of her duty to comply with the Superior Court Rules and her compliance failure should not militate in her favor. In short, Powers never specifically delineated the $750,000 as damages related to the Class as opposed to her personally - - a plausible figure given her claims of emotional distress. (Compl. ¶¶ 15-16).

Further, it is not clear how Powers could assign $750,000 damages to a class the contours of which are admittedly *unknown*. Nowhere does the Motion explain how $750,000 was actually derived (e.g., by formula or estimation) - - which figures the amount must be the product of something tangible/objective for Powers to have a basis for the allegations.[3] The implication is that the $750,000 in damages are personal and not class-wide. *See* Motion at 6 (Plaintiff treats her damages and those of the class "one and *the same*.") (emphasis added). The ($750,000) amount presumably is derived from something objective - - such as medical bills, costs and emotional harm related to Power's "anxiety" and "distress" (personal harm unique to Powers). This conclusion is buttressed by the fact that the only party alleging damages under Count I is Powers, not the Class.[4]

In short, it is unclear how class damages could be simultaneously *known* ($750,000) and *unknown* (due to the lack of knowledge concerning its potential size). Class action damages for a class of unknown size, shape or duration, moreover, cannot by definition be quantified - - let

---

[3] Powers, on Motion page 6, attempts to explain that $750,000 is 150,000 times the statutory violation amount. This explanation misses the point - - Powers admits that she does not know how many purported violations exist (if any) and how many putative members are encompassed). In short, her Motion does not correct or amend her pleadings. If the damages relate to aggregate class damages, Powers could simply have so stated in her Complaint or the Civil Action Cover sheet which specifically invited explanation.

[4] The "Prayer for Relief" does seek relief on behalf of the class as well as Powers. However, that does not establish that the $750,000 figure relates to the class as opposed to Powers. Further, to the extent Power believes her personal emotional anguish is the basis for her damages, it is unclear how she could ever be an adequate class representative or how the claims/damages of the class would be typical.

alone capped at $750,000 as Power's specifically argues. (Motion at 6). The only damages Powers could quantify are her own, not undiscernible class damages. In short, Powers controls what she pled and filed in Superior Court and, taken at face value - - the papers suggest a "reasonable probability" that the Powers suffered damages in excess of $75,000.

## II.   **Power's Civil Action Cover Sheet Is Evidence**

Powers argues that the Court should wholly disregard her civil action cover sheet, citing cases for the proposition that it is not admissible into evidence or dispositive on the amount in controversy requirement. (Motion at 5-7). RPM, however, is not seeking to admit the sheet into evidence and is not arguing it is dispositive of the amount in controversy. Rather, as explained above, the cover sheet coupled with the Complaint demonstrates the validity of removal.

The authority cited by Powers, moreover, is inapposite. In *Polion v. Wal-Mart Stores, Inc.*, the defendant argued that plaintiff's civil action cover sheet statement of over $25,000 in damages meant that plaintiff was pleading that *each plaintiff* had damages of $25,000 which (when trebled under the applicable statute) meant that Section 1332's amount in controversy requirement is met. 2004 Mass. Super. LEXIS 595, *15. RPM's argument is different - - the manner in which Powers has set up her pleading and statement of damages suggests that the damages are hers (not that every member has a claim for $750,000).

In *Huston v. FLS Language Centres*, the court remanded based on a failure of defendant to satisfy the amount in controversy requirement based upon the statement of $250,000+ in damages in the plaintiff's civil action cover sheet. 18 F. Supp. 3d 17, 21 (D. Mass. 2014). In *Huston*, the court concluded it was unreasonable to believe that the plaintiff's individual damages could equal the statutory minimum based upon the alleged amount of unpaid hours ("At

$22 per hour, a person would have to work 11,364 unpaid hours to achieve $250,000 in damages; there are only 8,760 hours in a normal (non-leap) year.") *Id.*

Here, Powers' allegations that she suffered emotional and other damages are not susceptible to the mathematical analysis utilized in *Huston*. *See Correa v. Hosp. S.F.*, 69 F.3d 1184, 1198 (1st Cir. 1995) ("converting feelings such as pain, suffering, and mental anguish into dollars is not an exact science"). Presumably, Plaintiff quantified her emotional harm - - which damages would certainly be unique to her (not shared by other putative class members). *Limone v. United States*, 497 F. Supp. 2d 143, 149 (D. Mass. 2007) (Holding that each plaintiffs' intangible harm is separate and distinct). This genus of individual and complex damage determination suggests that it is plausible that she suffered personal damages - - purportedly $750,000 but at least greater than $75,000.

In sum, the cases neither forbid reliance on the civil action cover sheet nor do they squarely address Power's allegations and claims. If anything, the cases suggest that a civil action cover sheet cannot *solely* provide the basis for federal court diversity jurisdiction, which is not RPM's argument as explained above. The cases also suggest that the amount in controversy inquiry is fact specific and individualized and, here, Powers has presented a complaint, allegations and a statement of damages which suggest that diversity jurisdiction exists. As such, the Court should deny the Motion.

## **CONCLUSION**

WHEREFORE, for the foregoing reason, the Court should deny Power's motion and retain jurisdiction over the case.

Respectfully submitted,

RECEIVABLES PERFORMANCE
MANAGEMENT LLC,
Defendant, by their attorneys

Dated: November 7, 2018

/s/ Jack I. Siegal
Jack I. Siegal (BBO No. 669173)
857-504-2033
jsiegal@grsm.com
Gordon & Rees Scully Mansukhani
21 Custom House Street, 5th Floor
Boston, MA 02110

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), the Defendant states that an oral argument will assist the Court and respectfully requests to be heard on the on the matter.

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

On October 17, 2018, I conferred with Plaintiff's counsel in a good faith effort to resolve or narrow the issue but was unable to do so.

/s/ Jack I. Siegal
Jack I. Siegal

## CERTIFICATE OF SERVICE

I, Jack I. Siegal, hereby certify that on this 7th day of November, 2018, a copy of the foregoing opposition was served electronically by the U.S. District Court for the District of Massachusetts Electronica Document Filing System (ECF).

/s/ Jack I. Siegal
Jack I. Siegal



875

93A Complaint

COMMONWEALTH OF MASSACHUSETTS
County of Worcester
The Superior Court

**FILED**

SEP 2 1 2018

ATTEST [signature] CLERK

———————————————————

Stephanie Powers, *on behalf of herself and all* :
*others similarly situated,* :
 :
                    Plaintiff, :
 : Civil Docket #: 18 - 1463 D
        v. :
 :
 :
Receivables Performance Management, L.L.C., :
 :
                    Defendant. :

———————————————————

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

For this Class Action Complaint, Plaintiff Stephanie Powers, by and through undersigned

counsel, pleading on her own behalf and on behalf of all others similarly situated, states as

follows:

### INTRODUCTION

1.     This action arises out of Defendant Receivables Performance Management,

L.L.C.'s ("RPM" or "Defendant") repeated violations of the Massachusetts Consumer Protection

Act, M.G.L. c. 93A § 2, *et seq.* ("MCPA"), and Massachusetts Debt Collection Regulations, 940

CMR § 7.00, *et seq.* ("MDCR"), in its illegal efforts to collect consumer debts.

2.     In 2011, then-Massachusetts Attorney General Martha Coakley launched an

investigation to bring Massachusetts debt collection practices "up-to-date . . . to be consistent

with other state and federal agencies" and to "ensure that the playing field is level for both

creditors    and    consumer    so    that    all    parties    are    better    protected."    *See*

http://www.mass.gov/ago/news-and-updates/press-releases/2012/2012-03-01-debt-collection-regulations.html (last visited Sept. 18, 2018).

3.      As a result of that investigation, Attorney General Coakley regulated it an "unfair or deceptive act or practice for a creditor" to "initiate a communication with any debtor via telephone, either in person or via text messaging or recorded audio message, in excess of two such communications in each seven-day period to either the debtor's residence, cellular telephone, or other telephone number provided by the debtor as his or her personal telephone number." 940 CMR § 7.04(1)(f).

4.      The Attorney General has advised, and the Massachusetts Supreme Court recently confirmed, that the regulation means debt collectors cannot place more than two collection calls per week to Massachusetts consumers, regardless of the outcome of the call. *See Armata v. Target Corp.*, 480 Mass. 14, 15–16, 23, 99 N.E.3d 788, 790, 795-96 (2018) ("The regulation applies to any attempted telephonic communication by a creditor to a debtor in an effort to collect a debt, so long as . . . the creditor is able to reach the debtor or to leave a voicemail message for the debtor" and "The regulation does not limit 'communication[s],' but, rather, the initiation of communications. The fact that [creditor] did not successfully directly convey information to [debtor] is unimportant, because [creditor] nevertheless initiated the process of conveying information to [debtor] via telephone.") (quoting 940 CMR § 7.04(1)(f)).

5.      It is RPM's practice to call Massachusetts consumers more than twice a week to attempt to collect debts.  RPM placed more than two collection calls to Plaintiff Stephanie Powers ("Plaintiff") within a seven-day period, violating the express provisions of § 7.04(1)(f). Plaintiff seeks to represent all consumers similarly situated.  Plaintiff seeks injunctive relief to

end RPM's illegal practice, declaratory relief to make RPM's violations known to the class, actual and statutory damages, as well as attorneys' fees and costs.

## PARTIES

6.       Plaintiff, Stephanie Powers, is an adult individual residing in Worcester, Worcester County, Commonwealth of Massachusetts, and is a "debtor" as defined by 940 C.M.R. § 7.03.

7.       Defendant, Receivables Performance Management, L.L.C., is a Washington business entity with a principal address of 20816 44th Avenue West, Lynnwood, Washington 98036, and is a "creditor" as defined by 940 CMR § 7.03.  Upon information and belief, RPM does not maintain a place of business within the Commonwealth of Massachusetts, nor does it keep any assets in the Commonwealth of Massachusetts.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.       Plaintiff allegedly incurred a financial obligation (the "Debt").

9.       The Debt arose from services which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 940 CMR § 7.03.

10.       RPM attempted to collect the Debt from Plaintiff and, as such, initiated and engaged in "communications" as defined in 940 CMR § 7.03.

### B. RPM Engages in Unfair Business Practices

11.       In or around September 2018, RPM began calling Plaintiff's cellular telephone in an attempt to collect the Debt.

12.       RPM called Plaintiff's cell phone at number 774-XXX-0773.

13.       RPM called Plaintiff from, *inter alia*, telephone number 425-372-5304.

3

14.     RPM called Plaintiff at an excessive and harassing rate, placing more than two calls to Plaintiff within a seven-day period.   For example, RPM called Plaintiff's cellular telephone on September 4, 2018 and then on three separate occasions on September 6, 2018.

**C. Plaintiff Suffered Actual Damages and Injury**

15.     Plaintiff suffered actual damages as a result of RPM's unlawful conduct.

16.     As a direct consequence of RPM's acts, practices and conduct, Plaintiff suffered anger, anxiety, emotional distress, fear, frustration and embarrassment.

17.     RPM's repeated calls were distracting and an inconvenience to Plaintiff, and an invasion of her personal privacy.

18.     RPM's repeated calls wasted Plaintiff's time and energy spent tending to RPM's calls.

## CLASS ACTION ALLEGATIONS

**A. The Class**

19.     Plaintiff brings this case as a class action pursuant to M.G.L. c. 93A, § 9(2) and Rule 23 of the Massachusetts Rules of Civil Procedure.

20.     Plaintiff seeks to represent the following class (the "Class"):

**All consumers residing in the Commonwealth of Massachusetts who, within four years prior to the filing of this action, received in excess of two telephone calls regarding a debt from RPM within a seven-day period to their residence, cellular telephone, or other provided telephone number.**

4

**B. Numerosity**

21.    As its regular business practice, RPM hounds Massachusetts consumers with numerous debt collection calls per week.  Class members are believed to be so numerous that joinder of all members is impractical.

22.    The exact number and identities of class members are unknown at this time and can only be ascertained through discovery.  Identification of the class members is a matter capable of ministerial determination from Defendant's records.

23.    Plaintiff reasonably believes that there are thousands of Massachusetts consumers who are members of the Class.

**C. Common Questions of Law and Fact**

24.    There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual class members.

25.    The following questions of law and fact common to the class members are ripe for determination and are raised herein:

      a.    Whether Defendant violated M.G.L. c. 93A § 2 and 940 CMR § 7.04(1)(f) by placing in excess of two debt collection calls per debt per seven-day period; and

      b.    Whether Defendant willfully and knowingly placed in excess of two debt collection calls per debt per seven-day period.

**D. Typicality**

26.    Plaintiff's claims are typical of the claims of the class members, since each of the claims arises from receiving in excess of two debt collection calls within a seven-day period.

**E. Protecting the Interests of Class Members**

27.     Plaintiff will fairly and adequately represent the interests of class members, all of whom are victims of Defendant's unlawful conduct.

28.     All of the class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

29.     Plaintiff has retained counsel experienced in bringing class actions and debt collection abuse claims and who stands ready, willing and able to represent the Class.

**F. Proceeding Via Class Action is Superior and Advisable**

30.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

31.     Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

32.     The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

33.     Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

34.     The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiffs and the other class members.

## COUNT I
## VIOLATIONS OF THE MCPA, M.G.L. c. 93A, § 2,
## AND MDCR, 940 CMR § 7.04(1)(f)

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Defendant initiated communication via telephone in excess of two times within a seven-day period regarding a Debt to Plaintiff's cellular telephone, in violation of 940 CMR § 7.04(1)(f).

37. Defendant's failure to comply with 940 CMR § 7.04(1)(f) constitutes an unfair or deceptive act in violation of M.G.L. c. 93A § 2.

38. Defendant willfully or knowingly violated 940 CMR § 7.04(1)(f), and as such, Plaintiff is entitled to double or treble damages plus reasonable attorney's fees and costs.

39. Pursuant to M.G.L. c. 93A, § 9, Plaintiff is entitled to and does seek equitable relief in the form of an injunction preventing Defendant from placing in excess of two collection calls within any seven days to any Massachusetts consumers' telephone.

40. Pursuant to M.G.L. c. 93A, § 9, Plaintiff is entitled to and does seek declaratory relief such that:

- Defendant knowingly and willfully violated M.G.L. c. 93A c. 93A, § 2 and 940 CMR § 7.04(1)(f) as to Plaintiff and the class; and

- It has been Defendant's practice and history to place in excess of two debt collection telephone calls within seven days to Massachusetts consumers.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff asks that the Court enter judgment in favor of Plaintiff and the Class and against Defendant, as follows:

A)     An injunction preventing Defendant from placing in excess of two collection calls within any seven days to any Massachusetts consumer's telephone;

B)     Declaratory relief as prayed herein;

C)     Awarding actual damages as provided under the MCPA, pursuant to M.G.L. c. 93A § 9, including treble damages for Defendant's willful conduct;

D)     Awarding statutory damages as provided under the MCPA, pursuant to M.G.L. c. 93A § 9, including treble damages for Defendant's willful conduct;

E)     Awarding reasonable attorney fees, litigation expenses and costs incurred pursuant to M.G.L. c. 93A § 9;

F)     Granting such other and further relief this Court deems just and appropriate.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 18, 2018        PLAINTIFF,
STEPHANIE POWERS

By Plaintiff's attorneys,

LEMBERG LAW, LLC

Sergei Lemberg (BBO# 650671)
slemberg@lemberglaw.com
LEMBERG LAW, LLC
43 Danbury Road
Wilton, CT 06897
T: (203) 653-2250
F: (203) 653-3424

A true copy by photostatic process
Attest:
       Asst. Clerk

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 18-1463D | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| | | |
|---|---|---|
| PLAINTIFF(S): Stephanie Powers, on behalf of herself and all others similarly situated, | | COUNTY Worcester |
| ADDRESS: 3 Draper St., Worcester, MA 01604 | | |
| | DEFENDANT(S): Receivables Performance Management, L.L.C., | |
| ATTORNEY: Sergei Lemberg | | |
| ADDRESS: Lemberg Law, LLC. 43 Danbury Road | ADDRESS: 20816 44th Avenue West, Lynnwood, WA 98036 | |
| Wilton, Connecticut 06897 | | |
| BBO: 650671 | | |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B99 | M.G.L. c. 93A § 2, et seq | F | ☒ YES ☐ NO |

*If "Other" please describe: VIOLATIONS OF THE MASSACHUSETTS CONSUMER PROTECTION ACT

②

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................ $ _____
2. Total doctor expenses ............................................................. $ _____
3. Total chiropractic expenses ....................................................... $ _____
4. Total physical therapy expenses ................................................... $ _____
5. Total other expenses (describe below) ............................................. $ _____
Subtotal (A): $ _____

**FILED**

**SEP 21 2018**

**ATTEST** _____ **CLERK**

B. Documented lost wages and compensation to date ........................................ $ _____
C. Documented property damages to dated ................................................. $ _____
D. Reasonably anticipated future medical and hospital expenses ........................... $ _____
E. Reasonably anticipated lost wages .................................................... $ _____
F. Other documented items of damages (describe below) .................................... $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F):$ _____

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $ 750,000.00

Signature of Attorney/Pro Se Plaintiff: X _____    Date: 09/18/2018

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____    Date: 09/18/2018

Attest: _____ **Asst. Clerk**

copy by photostatic process

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**AC Actions Involving the State/Municipality \***

AA1 Contract Action involving Commonwealth,
    Municipality, MBTA, etc.   (A)
AB1 Tortious Action involving Commonwealth,
    Municipality, MBTA, etc.   (A)
AC1 Real Property Action involving
    Commonwealth, Municipality, MBTA, etc. (A)
AD1 Equity Action involving Commonwealth,
    Municipality, MBTA, etc.   (A)
AE1 Administrative Action involving
    Commonwealth, Municipality, MBTA, etc. (A)

**CN Contract/Business Cases**

A01 Services, Labor, and Materials   (F)
A02 Goods Sold and Delivered   (F)
A03 Commercial Paper   (F)
A04 Employment Contract   (F)
A06 Insurance Contract   (F)
A08 Sale or Lease of Real Estate   (F)
A12 Construction Dispute   (F)
A14 Interpleader   (F)
BA1 Governance, Conduct, Internal
    Affairs of Entities   (A)
BA3 Liability of Shareholders, Directors,
    Officers, Partners, etc.   (A)
BB1 Shareholder Derivative   (A)
BB2 Securities Transactions   (A)
BC1 Mergers, Consolidations, Sales of
    Assets, Issuance of Debt, Equity, etc.   (A)
BD1 Intellectual Property   (A)
BD2 Proprietary Information or Trade
    Secrets   (A)
BG1 Financial Institutions/Funds   (A)
BH1 Violation of Antitrust or Trade
    Regulation Laws   (A)
A99 Other Contract/Business Action - Specify (F)

\* Choose this case type if ANY party is the
Commonwealth, a municipality, the MBTA, or any
other governmental entity UNLESS your case is a
case type listed under Administrative Civil Actions
(AA).

† Choose this case type if ANY party is an
incarcerated party, UNLESS your case is a case
type listed under Administrative Civil Actions (AA)
or is a Prisoner Habeas Corpus case (E97).

**ER Equitable Remedies**

D01 Specific Performance of a Contract   (A)
D02 Reach and Apply   (F)
D03 Injunction   (F)
D04 Reform / Cancel Instrument   (F)
D05 Equitable Replevin   (F)
D06 Contribution or Indemnification   (F)
D07 Imposition of a Trust   (A)
D08 Minority Shareholder's Suit   (A)
D09 Interference in Contractual Relationship   (F)
D10 Accounting   (A)
D11 Enforcement of Restrictive Covenant   (F)
D12 Dissolution of a Partnership   (F)
D13 Declaratory Judgment, G.L. c.231A   (A)
D14 Dissolution of a Corporation   (F)
D99 Other Equity Action   (F)

**PA Civil Actions Involving Incarcerated Party †**

PA1 Contract Action involving an
    Incarcerated Party   (A)
PB1 Tortious Action involving an
    Incarcerated Party   (A)
PC1 Real Property Action involving an
    Incarcerated Party   (F)
PD1 Equity Action involving an
    Incarcerated Party   (A)
PE1 Administrative Action involving an
    Incarcerated Party   (F)

**TR Torts**

B03 Motor Vehicle Negligence - Personal
    Injury/Property Damage   (F)
B04 Other Negligence - Personal
    Injury/Property Damage   (F)
B05 Products Liability   (A)
B06 Malpractice - Medical / Wrongful Death   (A)
B07 Malpractice - Other   (A)
B08 Wrongful Death, G.L. c.229 §2A   (A)
B15 Defamation   (A)
B19 Asbestos   (A)
B20 Personal Injury - Slip & Fall   (F)
B21 Environmental   (F)
B22 Employment Discrimination   (F)
BE1 Fraud, Business Torts, etc.   (A)
B99 Other Tortious Action   (F)

**RP Real Property**

C01 Land Taking   (F)
C02 Zoning Appeal, G.L. c. 40A   (F)
C03 Dispute Concerning Title   (F)
C04 Foreclosure of a Mortgage   (X)
C05 Condominium Lien & Charges   (X)
C99 Other Real Property Action   (F)

**MC Miscellaneous Civil Actions**

E18 Foreign Discovery Proceeding   (X)
E97 Prisoner Habeas Corpus   (X)
E22 Lottery Assignment, G.L. c. 10 §28   (X)

**AB Abuse/Harassment Prevention**

E15 Abuse Prevention Petition, G.L. c. 209A   (X)
E21 Protection from Harassment, G.L. c. 258E(X)

**AA Administrative Civil Actions**

E02 Appeal from Administrative Agency,
    G.L. c. 30A   (X)
E03 Certiorari Action, G.L. c.249 §4   (X)
E05 Confirmation of Arbitration Awards   (X)
E06 Mass Antitrust Act, G. L. c. 93 §9   (A)
E07 Mass Antitrust Act, G. L. c. 93 §8   (X)
E08 Appointment of a Receiver   (X)
E09 Construction Surety Bond, G.L. c. 149
    §§29, 29A   (A)
E10 Summary Process Appeal   (X)
E11 Worker's Compensation   (X)
E16 Auto Surcharge Appeal   (X)
E17 Civil Rights Act, G.L. c.12 §11H   (A)
E24 Appeal from District Court
    Commitment, G.L. c.123 §9(b)   (X)
E25 Pleural Registry (Asbestos cases)
E94 Forfeiture, G.L. c265 §56   (X)
E95 Forfeiture, G.L. c.94C §47   (F)
E99 Other Administrative Action   (X)
Z01 Medical Malpractice - Tribunal only,
    G.L. c. 231 §60B   (F)
Z02 Appeal Bond Denial   (X)

**SO Sex Offender Review**

E12 SDP Commitment, G.L. c. 123A §12   (X)
E14 SDP Petition, G.L. c. 123A §9(b)   (X)

**RC Restricted Civil Actions**

E19 Sex Offender Registry, G.L. c.6 §178M   (X)
E27 Minor Seeking Consent, G.L. c.112 §12S (X)

## TRANSFER YOUR SELECTION TO THE FACE SHEET

EXAMPLE:

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES    ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or pro se party.

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
## MAY RESULT IN DISMISSAL OF THIS ACTION.

9/2'

# COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT

# FILED

Worcester County
Docket number: 18 - 1463 D

SEP 2 1 2018

ATTEST ~~JRMM~~ CLERK

### Motion to Appoint a Special Process Server
### Pursuant to Rule 4c of the M.R.C.P.

③

**Plaintiff(s):** Stephanie Powers, *on behalf of herself and all others similarly situated,*

v.

**Defendant(s):** Receivables Performance Management, L.L.C.,

The undersigned moves to request that this honorable court appoint William Dewsnap, of Dewsnap & Associates, LLC or its agents as special process servers in this matter under rule 4c of the Massachusetts Rules of Civil Procedure. We are not parties to this matter, nor do we have any interest in the outcome of this litigation. The above persons are qualified persons over the age of 18 and knowledgeable in the service of process.

Attorney or requesting agent address:

Signed under the pains and penalties of perjury:

Sergei Lemberg, Esq.
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897

Sergei Lemberg, Esq.

Date: _September 18, 2018_

# ORDER OF THE COURT APPOINTING SPECIAL PROCESS SERVERS

Pursuant to rule 4c, it is ordered that William Dewsnap, of Dewsnap & Associates, LLC or its agents thereof, are hereby appointed as special process servers for the above captioned case.

## ALLOWED

Signature _Attest Lyn Asst Clerk_

9-24-18
Title and date

Notices Mailed 9/24/18

A true copy by photostatic process
Attest:
**Asst. Clerk**

| CLERK'S NOTICE | DOCKET NUMBER | Trial Court of Massachusetts |
|---|---|---|
| | 1885CV01463 | The Superior Court |

| CASE NAME: Stephanie Powers, on behalf of herself and all others similarly situated vs. Receivables Performance Management, L.L.C. | Dennis P. McManus, Clerk of Courts |
|---|---|

| TO: File Copy | COURT NAME & ADDRESS Worcester County Superior Court 225 Main Street Worcester, MA 01608 |
|---|---|

You are hereby notified that on 09/24/2018 the following entry was made on the above referenced docket:

Endorsement on Motion to Appoint Special Process Server (#3.0): ALLOWED
Notices mailed 9/24/18

Judge: Connolly, Hon. Rosemary

| DATE ISSUED | ASSOCIATE JUSTICE/ ASSISTANT CLERK | SESSION PHONE# |
|---|---|---|
| 09/24/2018 | Hon. Rosemary Connolly | (508)831-2350 |

Date/Time Printed: 09-24-2018 11:28:04

SCV016_X11 05/2014

*10/9*

# Commonwealth of Massachusetts

Stephanie Powers, on behalf
of herself and all others
_Similarly Situated_ , PLAINTIFF(S),

v.

Receivables Performance Management, L.L.C.
_____, DEFENDANT(S)

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 18-1463D

**FILED**

OCT 09 2018

ATTEST: _____

4t

## SUMMONS

THIS SUMMONS IS DIRECTED TO Receivables Performance Management, L.L.C.
(Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Worcester Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your signed original response with the Clerk's Office for Civil Business, Worcester Superior Court, 225 Main St. Worcester, MA 01608 (address), by mail or in person, **AND**
   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: Lemberg Law LLC, 43 Danbury Rd., Wilton CT 06897

3. **What to include in your response.** An **"Answer"** is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4.  **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.  **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____. (SEAL)

Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on October 2 D7:34pm 2018, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

by delivering "in-hand" upon Linda Saunders, Registered Agent for Receivables Performance Management, LLC at 37 Donnelly Drive, Dover, MA 02030.

Dated: October 3, 20 18        Signature: _____

William H. Devine III

Special Process Server & Disinterested Person

N.B.    TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

October 2, 2018

Documents Served:
1. Summons.
2. Class Action Complaint and Demand for Jury Trial.
3. Civil Action Cover Sheet.
4. Civil Tracking Order.
5. Motion for Appointment of Special Process Server; and

A true copy by photostatic process
Attest:
Asst. Clerk

10/9

# Commonwealth of Massachusetts

Stephanie Powers, on behalf
of herself and all others
Similarly Situated , PLAINTIFF(S),

v.

Receivables Performance Management, L.L.C.
, DEFENDANT(S)

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 18-1463D

FILED

OCT 09 2018

ATTEST: [signature]

4t

## SUMMONS

THIS SUMMONS IS DIRECTED TO Receivables Performance Management, L.L.C. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Worcester Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. How to Respond. To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your signed original response with the Clerk's Office for Civil Business, Worcester Superior Court, 225 Main St. Worcester, MA 01608 (address), by mail or in person, **AND**
   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: Lemberg Law LLC, 43 Danbury Rd., Wilton CT 06897

3. What to include in your response. An **"Answer"** is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____. (SEAL)

Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on October 2 2:34pm 2018, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

by delivering "in-hand" upon Linda Saunders, Registered Agent, for Receivables Performance Management, LLC at 37 Donnelly Drive, Dover, Ma 02030.

Dated: October 3, 2018         Signature: _____

William H. Devine III
**Special Process Server & Disinterested Person**

N.B.    **TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

October 2, 2018

Documents Served:
1. Summons.
2. Class Action Complaint and Demand for Jury Trial
3. Civil Action Cover Sheet.
4. Civil Tracking Order.
5. Motion for Appointment of Special Process Server; and
6. Clerk's Notice.

A true copy by photostatic pro[cess]
**Attest:**
**Asst. Clerk**

10|2.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF MASSACHUSETTS

STEPHANIE POWERS, *on behalf of herself
and all others similarly situated,*
    Plaintiff,

v.

RECEIVABLES PERFORMANCE
MANAGEMENT, L.L.C.,
    Defendant.

CASE NO. 4:18-CV-40170

Worcester Superior Court C.A. # 18-1463-D

# FILED
## OCT 22 2018
ATTEST: _____ CLERK

$+$

## NOTICE OF REMOVAL TO FEDERAL COURT

    Please take notice that on October 16, 2018, Defendant, Receivables Performance Management, LLC filed a Notice of Removal of Civil Action pursuant to 28 U.S.C. §§ 1441, and 1446 in the Office of the Clerk of the United States District Court for the Central District of Massachusetts.

    Attached hereto and marked as Exhibit A is a true and correct copy of a conformed copy of the filed Notice of Removal.

Respectfully submitted,

RECEIVABLES PERFORMANCE
MANAGEMENT LLC,
Defendant, by their attorneys

Dated: October 16, 2018

Jack I. Siegal (BBO No. 669173)
857-504-2033
jsiegal@grsm.com
Gordon & Rees Scully Mansukhani
21 Custom House Street, 5th Floor
Boston, MA 02110

## CERTIFICATE OF SERVICE

I, Jack I. Siegal, hereby certify that on this 16th day of October, 2018, I served a copy of the foregoing by first class mail, postage pre-paid, addressed to:

Sergei Lemberg
LEMBERG LAW, LLC
43 Danbury Road
Wilton, CT 06897

Jack I. Siegal

A true copy by photostatic process
Attest:
      Asst. Clerk

# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHANIE POWERS, *on behalf of herself and all others similarly situated*, <br> Plaintiff, <br><br> v. <br><br> RECEIVABLES PERFORMANCE MANAGEMENT, L.L.C., <br> Defendant. | Worcester Superior Court C.A. # 18-1463-D |

## DEFENDANT RECEIVABLES PERFORMANCE MANAGEMENT, LLC'S NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441(B) (DIVERSITY)

The Defendant Receivables Performance Management, LLC (the "Defendant") hereby removes civil case number 18-1463-D from the Massachusetts Superior Court, Worcester County, to the United States District Court, Central District of Massachusetts, based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1441(b) and 1446.

### STATEMENT OF JURISDICTION

1.      This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and one that may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

### TIMELINESS OF REMOVAL

2.      On September 21, 2018, the Plaintiff Stephanie Powers (the "Plaintiff") filed the civil action entitled *Stephanie Powers, on behalf of herself and all others similarly situated v. Receivables Performance Management*, in Worcester Superior Court. The civil action was given Case Number 18-1463.  A true and correct copy of the Summons and State Court Complaint ("Complaint"), and all accompanying documents, are attached as Exhibit A.

3.      On October 2, 2018, the Plaintiff served the Defendant with the Complaint by process server.  A true and correct copy of the Proof of Service of Summons, filed by Plaintiffs

on October 9, 2018, is attached as <u>Exhibit B</u>.

      5.      Pursuant to 28 U.S.C. §1446(b), Defendant must file a Notice of Removal with this Court within thirty (30) days after completion of service upon Defendant of the initial pleading setting forth the claim for relief upon which this action or proceeding is based. Thirty days since service of the Summons and Complaint have not passed, and this matter remains removable to Federal Court.

<u>**BASIS FOR DIVERSITY JURISDICTION**</u>

      6.      This District Court has diversity jurisdiction over this action under 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of a State and citizens or subjects of a foreign state.

**(Complete Diversity)**

      7.      In the Plaintiff's Complaint, the Plaintiff alleges that she is an individual residing in Worcester, Worcester County, Commonwealth of Massachusetts. <u>See</u> <u>Exhibit A</u> at ¶ 6.

      8.      In the Plaintiff's Complaint, the Plaintiff alleges that the Defendant is a Washington business entity with a principal address of 20816 44th Avenue West, Lynnwood, Washington 98036. The Plaintiff further alleges that the Defendant does not maintain a principal place of business within the Commonwealth of Massachusetts, nor does it keep any assets in the Commonwealth of Massachusetts. <u>See</u> <u>Exhibit A</u> at ¶ 7.

      9.      At the time of filing of the Complaint and this Notice of Removal, Defendant is business incorporated in Washington and holds a principal place of business in Washington.

      10.      Accordingly, because Plaintiff is a citizen of the Commonwealth of Massachusetts and Defendant is a corporation incorporated in Washington with a principal place of business in Washington, there is complete diversity of citizenship between the Plaintiff and the Defendant.

**(Amount in Controversy)**

      11.      According to the Plaintiff's Complaint, the Plaintiff along with a class to be determined at a later date, seeks damages against the Defendant pursuant to the Massachusetts

Consumer Protection Act – Mass. Gen. Laws. ch. 93A, §2 – and the Massachusetts Debt Collection Regulations – 940 CMR § 7.00. See Exhibit A at ¶¶ 22, 38, and 39.

      12.     In support of Plaintiff's claims for damages in this action, the Plaintiff alleges $750,000.00 in damages. See Plaintiff's Civil Action Cover Sheet attached as Exhibit C.

      13.     Accordingly, the amount in controversy in this action exceeds the sum or value of $75,000.00.

## REMOVAL TO THIS JURISDICTION IS PROPER

      14.     This action may be removed by Defendant to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1446, in that it is a civil action wherein the amount in controversy exceeds the sum of $75,000.00 and is between citizens of a State and citizens of a foreign state.

      15.     Venue is proper under 28 U.S.C. § 1441(a), which provides for removal to the District Court of the United States for the district and division embracing the place where the action is pending. Removal to the United States District Court for the Central District of Massachusetts is appropriate because the removed state court action was filed in Massachusetts Superior Court in the County of Worcester, which is located within this judicial district.

      WHEREFORE, Defendant prays that this action be removed from the Massachusetts Superior Court, County of Worcester to the United States District Court for the Central District of Massachusetts.

Respectfully submitted,

RECEIVABLES PERFORMANCE
MANAGEMENT LLC,
Defendant, by their attorneys

Dated:  October 16, 2018

/s/ Jack I. Siegal
Jack I. Siegal (BBO No. 669173)
857-504-2033
jsiegal@grsm.com
Gordon & Rees Scully Mansukhani
21 Custom House Street, 5th Floor
Boston, MA 02110

## CERTIFICATE OF SERVICE

I, Jack I. Siegal, hereby certify that on this 16th day of October, 2018, I served a copy of
the foregoing by first class mail, postage pre-paid, addressed to:

Sergei Lemberg
LEMBERG LAW, LLC
43 Danbury Road
Wilton, CT 06897

/s/ Jack I. Siegal
Jack I. Siegal

# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS
County of Worcester
The Superior Court



SEP 2 1 2018

CLERK OF COURTS
WORCESTER COUNTY

Stephanie Powers, *on behalf of herself and all others similarly situated,*

Plaintiff,

v.

Receivables Performance Management, L.L.C.,

Defendant.

Civil Docket #: 18 - 1463 D

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

For this Class Action Complaint, Plaintiff Stephanie Powers, by and through undersigned counsel, pleading on her own behalf and on behalf of all others similarly situated, states as follows:

### INTRODUCTION

1.     This action arises out of Defendant Receivables Performance Management, L.L.C.'s ("RPM" or "Defendant") repeated violations of the Massachusetts Consumer Protection Act, M.G.L. c. 93A § 2, *et seq.* ("MCPA"), and Massachusetts Debt Collection Regulations, 940 CMR § 7.00, *et seq.* ("MDCR"), in its illegal efforts to collect consumer debts.

2.     In 2011, then-Massachusetts Attorney General Martha Coakley launched an investigation to bring Massachusetts debt collection practices "up-to-date . . . to be consistent with other state and federal agencies" and to "ensure that the playing field is level for both creditors and consumer so that all parties are better protected." *See*

http://www.mass.gov/ago/news-and-updates/press-releases/2012/2012-03-01-debt-collection-regulations.html (last visited Sept. 18, 2018).

3.     As a result of that investigation, Attorney General Coakley regulated it an "unfair or deceptive act or practice for a creditor" to "initiate a communication with any debtor via telephone, either in person or via text messaging or recorded audio message, in excess of two such communications in each seven-day period to either the debtor's residence, cellular telephone, or other telephone number provided by the debtor as his or her personal telephone number." 940 CMR § 7.04(1)(f).

4.     The Attorney General has advised, and the Massachusetts Supreme Court recently confirmed, that the regulation means debt collectors cannot place more than two collection calls per week to Massachusetts consumers, regardless of the outcome of the call. *See Armata v. Target Corp.*, 480 Mass. 14, 15–16, 23, 99 N.E.3d 788, 790, 795-96 (2018) ("The regulation applies to any attempted telephonic communication by a creditor to a debtor in an effort to collect a debt, so long as . . . the creditor is able to reach the debtor or to leave a voicemail message for the debtor" and "The regulation does not limit 'communication[s],' but, rather, the initiation of communications. The fact that [creditor] did not successfully directly convey information to [debtor] is unimportant, because [creditor] nevertheless initiated the process of conveying information to [debtor] via telephone.") (quoting 940 CMR § 7.04(1)(f)).

5.     It is RPM's practice to call Massachusetts consumers more than twice a week to attempt to collect debts.  RPM placed more than two collection calls to Plaintiff Stephanie Powers ("Plaintiff") within a seven-day period, violating the express provisions of § 7.04(1)(f). Plaintiff seeks to represent all consumers similarly situated.  Plaintiff seeks injunctive relief to

2

end RPM's illegal practice, declaratory relief to make RPM's violations known to the class, actual and statutory damages, as well as attorneys' fees and costs.

## PARTIES

6.    Plaintiff, Stephanie Powers, is an adult individual residing in Worcester, Worcester County, Commonwealth of Massachusetts, and is a "debtor" as defined by 940 C.M.R. § 7.03.

7.    Defendant, Receivables Performance Management, L.L.C., is a Washington business entity with a principal address of 20816 44th Avenue West, Lynnwood, Washington 98036, and is a "creditor" as defined by 940 CMR § 7.03. Upon information and belief, RPM does not maintain a place of business within the Commonwealth of Massachusetts, nor does it keep any assets in the Commonwealth of Massachusetts.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.    Plaintiff allegedly incurred a financial obligation (the "Debt").

9.    The Debt arose from services which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 940 CMR § 7.03.

10.    RPM attempted to collect the Debt from Plaintiff and, as such, initiated and engaged in "communications" as defined in 940 CMR § 7.03.

### B. RPM Engages in Unfair Business Practices

11.    In or around September 2018, RPM began calling Plaintiff's cellular telephone in an attempt to collect the Debt.

12.    RPM called Plaintiff's cell phone at number 774-XXX-0773.

13.    RPM called Plaintiff from, *inter alia*, telephone number 425-372-5304.

3

14.     RPM called Plaintiff at an excessive and harassing rate, placing more than two calls to Plaintiff within a seven-day period. For example, RPM called Plaintiff's cellular telephone on September 4, 2018 and then on three separate occasions on September 6, 2018.

## C. Plaintiff Suffered Actual Damages and Injury

15.     Plaintiff suffered actual damages as a result of RPM's unlawful conduct.

16.     As a direct consequence of RPM's acts, practices and conduct, Plaintiff suffered anger, anxiety, emotional distress, fear, frustration and embarrassment.

17.     RPM's repeated calls were distracting and an inconvenience to Plaintiff, and an invasion of her personal privacy.

18.     RPM's repeated calls wasted Plaintiff's time and energy spent tending to RPM's calls.

## CLASS ACTION ALLEGATIONS

## A. The Class

19.     Plaintiff brings this case as a class action pursuant to M.G.L. c. 93A, § 9(2) and Rule 23 of the Massachusetts Rules of Civil Procedure.

20.     Plaintiff seeks to represent the following class (the "Class"):

**All consumers residing in the Commonwealth of Massachusetts who, within four years prior to the filing of this action, received in excess of two telephone calls regarding a debt from RPM within a seven-day period to their residence, cellular telephone, or other provided telephone number.**

4

### B. Numerosity

21.    As its regular business practice, RPM hounds Massachusetts consumers with numerous debt collection calls per week.  Class members are believed to be so numerous that joinder of all members is impractical.

22.    The exact number and identities of class members are unknown at this time and can only be ascertained through discovery.  Identification of the class members is a matter capable of ministerial determination from Defendant's records.

23.    Plaintiff reasonably believes that there are thousands of Massachusetts consumers who are members of the Class.

### C. Common Questions of Law and Fact

24.    There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual class members.

25.    The following questions of law and fact common to the class members are ripe for determination and are raised herein:

   a.  Whether Defendant violated M.G.L. c. 93A § 2 and 940 CMR § 7.04(1)(f) by placing in excess of two debt collection calls per debt per seven-day period; and

   b.  Whether Defendant willfully and knowingly placed in excess of two debt collection calls per debt per seven-day period.

### D. Typicality

26.    Plaintiff's claims are typical of the claims of the class members, since each of the claims arises from receiving in excess of two debt collection calls within a seven-day period.

5

**E.  Protecting the Interests of Class Members**

27.     Plaintiff will fairly and adequately represent the interests of class members, all of whom are victims of Defendant's unlawful conduct.

28.     All of the class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

29.     Plaintiff has retained counsel experienced in bringing class actions and debt collection abuse claims and who stands ready, willing and able to represent the Class.

**F.  Proceeding Via Class Action is Superior and Advisable**

30.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

31.     Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

32.     The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

33.     Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

34.     The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiffs and the other class members.

6

## COUNT I
## VIOLATIONS OF THE MCPA, M.G.L. c. 93A, § 2,
## AND MDCR, 940 CMR § 7.04(1)(f)

35.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36.   Defendant initiated communication via telephone in excess of two times within a seven-day period regarding a Debt to Plaintiff's cellular telephone, in violation of 940 CMR § 7.04(1)(f).

37.   Defendant's failure to comply with 940 CMR § 7.04(1)(f) constitutes an unfair or deceptive act in violation of M.G.L. c. 93A § 2.

38.   Defendant willfully or knowingly violated 940 CMR § 7.04(1)(f), and as such, Plaintiff is entitled to double or treble damages plus reasonable attorney's fees and costs.

39.   Pursuant to M.G.L. c. 93A, § 9, Plaintiff is entitled to and does seek equitable relief in the form of an injunction preventing Defendant from placing in excess of two collection calls within any seven days to any Massachusetts consumers' telephone.

40.   Pursuant to M.G.L. c. 93A, § 9, Plaintiff is entitled to and does seek declaratory relief such that:

- Defendant knowingly and willfully violated M.G.L. c. 93A c. 93A, § 2 and 940 CMR § 7.04(1)(f) as to Plaintiff and the class; and

- It has been Defendant's practice and history to place in excess of two debt collection telephone calls within seven days to Massachusetts consumers.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff asks that the Court enter judgment in favor of Plaintiff and the Class and against Defendant, as follows:

7

A) An injunction preventing Defendant from placing in excess of two collection calls within any seven days to any Massachusetts consumer's telephone;

B) Declaratory relief as prayed herein;

C) Awarding actual damages as provided under the MCPA, pursuant to M.G.L. c. 93A § 9, including treble damages for Defendant's willful conduct;

D) Awarding statutory damages as provided under the MCPA, pursuant to M.G.L. c. 93A § 9, including treble damages for Defendant's willful conduct;

E) Awarding reasonable attorney fees, litigation expenses and costs incurred pursuant to M.G.L. c. 93A § 9;

F) Granting such other and further relief this Court deems just and appropriate.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 18, 2018

PLAINTIFF,
STEPHANIE POWERS

By Plaintiff's attorneys,

LEMBERG LAW, LLC

Sergei Lemberg (BBO# 650671)
slemberg@lemberglaw.com
LEMBERG LAW, LLC
43 Danbury Road
Wilton, CT 06897
T: (203) 653-2250
F: (203) 653-3424

8

# EXHIBIT B

## Commonwealth of Massachusetts

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. _18-1463D_

Stephanie Powers, on behalf
of herself and all others
_Similarly Situated_____, PLAINTIFF(S),

v

Receivables Performance Management, L.LC.
_____, DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO _Receivables Performance Management, L.L.C._. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Worcester Superior_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, **you may request an extension of time in writing from the Court.**

2. How to Respond. To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your signed original response with the Clerk's Office for Civil Business, _Worcester Superior_ Court, _15 Main St. Worcester, MA 01608_ (address), by mail or in person, **AND**

   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: _Lemberg Law LLC, 43 Danbury Rd., Wilton CT 06897_

3. What to include in your response. An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as counterclaims) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

Case 4:18-cv-40170 Document 1-2 Filed 10/16/18 Page 3 of 3

4. Legal Assistance. You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. Required information on all filings: The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____. (SEAL)

Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____

_____

_____

Dated: _____, 20___       Signature: _____

N.B.    TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Oct 1st 2018

A TRUE COPY ATTEST

Special   Process Server & Disinterested Person

# EXHIBIT C

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 18-1463D | Trial Court of Massachusetts The Superior Court |
|---|---|---|

PLAINTIFF(S): Stephanie Powers, on behalf of herself and all others similarly situated.

ADDRESS: 3 Draper St., Worcester, MA 01604

COUNTY Worcester

DEFENDANT(S): Receivables Performance Management, L.L.C..

ATTORNEY: Sergei Lemberg

ADDRESS: Lemberg Law, LLC, 43 Danbury Road

Wilton, Connecticut 06897

ADDRESS: 20816 44th Avenue West, Lynnwood, WA 98036

BBO: 650671

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B99 | M.G.L. c. 93A § 2, et seq | F | ☒ YES   ☐ NO |

*If "Other" please describe: VIOLATIONS OF THE MASSACHUSETTS CONSUMER PROTECTION ACT

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
    1. Total hospital expenses ................................................................ $ _____
    2. Total doctor expenses ................................................................. $ _____
    3. Total chiropractic expenses ......................................................... $ _____
    4. Total physical therapy expenses ................................................... $ _____
    5. Total other expenses (describe below) ........................................... $ _____
                                                            Subtotal (A): $ _____

RECEIVED

SEP 21 2018

CLERK OF COURTS
WORCESTER COUNTY

B. Documented lost wages and compensation to date ................................ $ _____
C. Documented property damages to date ............................................... $ _____
D. Reasonably anticipated future medical and hospital expenses ................ $ _____
E. Reasonably anticipated lost wages .................................................... $ _____
F. Other documented items of damages (describe below) ............................ $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

                                                            TOTAL (A-F):$ _____

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

                                                            TOTAL: $   750,000.00

Signature of Attorney/Pro Se Plaintiff: X _____          Date: 09/18/2018

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____          Date: 09/18/2018

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) Stephanie Powers, on behalf of herself and all others similarly situated, vs.
   Receivables Performance Management LLC.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local
   rule 40.1(a)(1)).

   [ ]   I.     410, 441, 470, 535, 830*, 835*, 891, 893, 895, R.23, REGARDLESS OF NATURE OF SUIT.

   [ ]   II.    110, 130, 140, 160, 190, 196, 230, 240, 290,320,362, 370, 371, 380, 430, 440, 442, 443, 445, 446, 448, 710, 720,
                740, 790, 820*, 840*, 850, 870, 871.

   [✔]   III.   120, 150, 151, 152, 153, 195, 210, 220, 245, 310, 315,  330, 340, 345, 350, 355, 360, 365, 367, 368, 375, 376, 385,
                400, 422, 423, 450, 460, 462, 463, 465, 485, 490, 510, 530, 540, 550, 555,  625, 690, 751, 791, 861-865,  890, 896,
                899, 950.

                *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this
   district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                        YES [ ]        NO [✔]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC
   §2403)

                                                        YES [ ]        NO [✔]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                        YES [ ]        NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                        YES [ ]        NO [✔]

7. Do all of the parties  in this action, excluding governmental agencies of the United States and the Commonwealth of
   Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                        YES [ ]        NO [✔]

   A.   If yes, in which division do all of the non-governmental parties reside?

        Eastern Division [ ]            Central Division [ ]             Western Division [ ]

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,
        residing in Massachusetts reside?

        Eastern Division [ ]            Central Division [✔]            Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes,
   submit a separate sheet identifying the motions)

                                                        YES [ ]        NO [✔]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Jack Siegal
ADDRESS 21 Custom House St., Boston, MA 02110
TELEPHONE NO. (857) 504-2033

(CategoryForm9-2018.wpd )

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Stephanie Power, on behalf of herself and all others similarly situated.

## DEFENDANTS
Receivable Performance Management, LLC

**(b)** County of Residence of First Listed Plaintiff    Worcester County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Snohomish County (WA)
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sergei Lemberg (BBO # 650671), 43 Danbury Road, Wilton, CT
(203) 653-2250

Attorneys *(If Known)*
Jack Siegal (BBO # 669173), 21 Custom House St., Boston, MA
02110, (857) 504-2033

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government Plaintiff

☐ 3   Federal Question
     *(U.S. Government Not a Party)*

☐ 2   U.S. Government Defendant

☒ 4   Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☒ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1   Original Proceeding
☒ 2   Removed from State Court
☐ 3   Remanded from Appellate Court
☐ 4   Reinstated or Reopened
☐ 5   Transferred from Another District *(specify)*
☐ 6   Multidistrict Litigation - Transfer
☐ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. s. 1441(b)

Brief description of cause:
Plaintiff brings class action lawsuit against out of state defendant for alleged violations of MGL ch. 93A.

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
750,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
10/16/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# LEMBERG L LAW

Sergei Lemberg, Esq. (Admitted in NY, MA, CT, PA, GA) – Principal
Jody B. Burton, Esq. (Admitted in CT, NY, PA, DC)
Stephen Taylor, Esq. (Admitted in CT, NY)
Vlad Hirnyk, Esq. (Admitted in CT, NY)
Jenny DeFrancisco, Esq. (Admitted in NY, CT)
Joshua Markovits, Esq. (Admitted in NY)
Tamra Givens, Esq. (Admitted in FL)
**Of Counsel**
Trinette G. Kent, Esq. (Admitted in AZ, CA)
Sofia Balile, Esq. (Admitted in NY, NJ)
Amy L. Cueller, Esq. (Admitted in IN, WI)
Ruth M. Allen, Esq. (Admitted in NC)
Curtis R. Hussey, Esq. (Admitted in AL, MS, UT)
Sarah Stasch, Esq. (Admitted in WA)

# RECEIVED

OCT 0 9 2018

## CLERK OF COURTS
## WORCESTER COUNTY

September 26, 2018

**VIA FIRST CLASS MAIL**
Worcester County Superior Court
225 Main Street
Worcester, MA 01608

　　　　RE:　　Powers v. Receivables Performance Management, L.L.C. Case No: 18-1463D

Dear Clerk:

　　　　Enclosed please find original executed summons  with regard to the above referenced matter.

　　　　Please contact us should you have any questions. Thank you for all of your kind assistance!

　　　　　　　　　　Sincerely,

　　　　　　　　　　/s/ Shannon Heuston
　　　　　　　　　　Shannon Heuston
　　　　　　　　　　Paralegal
　　　　　　　　　　203-653-2250x5516

**COMMONWEALTH OF MASSACHUSETTS**
**WORCESTER COUNTY**
**Public Docket Report**

**1885CV01463 Stephanie Powers, on behalf of herself and all others similarly situated vs. Receivables Performance Management, L.L.C.**

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Torts | **FILE DATE:** | 09/21/2018 |
| **ACTION CODE:** | B99 | **CASE TRACK:** | F - Fast Track |
| **DESCRIPTION:** | Other Tortious Action | | |
| **CASE DISPOSITION DATE** | | **CASE STATUS:** | Open |
| **CASE DISPOSITION:** | Pending | **STATUS DATE:** | 09/21/2018 |
| **CASE JUDGE:** | | **CASE SESSION:** | Civil D |

| DCM TRACK | | |
|---|---|---|
| **Tickler Description** | **Due Date** | **Completion Date** |
| Service | 12/20/2018 | |
| Rule 12/19/20 Served By | 01/22/2019 | |
| Rule 15 Served By | 01/22/2019 | |
| Answer | 01/22/2019 | |
| Rule 12/19/20 Filed By | 02/19/2019 | |
| Rule 15 Filed By | 02/19/2019 | |
| Rule 15 Heard By | 03/20/2019 | |
| Rule 12/19/20 Heard By | 03/20/2019 | |
| Discovery | 07/18/2019 | |
| Rule 56 Served By | 08/19/2019 | |
| Rule 56 Filed By | 09/16/2019 | |
| Final Pre-Trial Conference | 01/14/2020 | |
| Judgment | 09/21/2020 | |

| PARTIES | |
|---|---|
| **Plaintiff**<br>Stephanie Powers, on behalf of herself and all others similarly situated | **Attorney**                                    **650671**<br>Sergei Lemberg<br>Lemberg Law, LLC<br>Lemberg Law, LLC<br>43 Danbury Rd<br>Wilton, CT 06897<br>Work Phone (203) 653-2250<br>Added Date: 09/21/2018 |



**WORCESTER COUNTY**
**Public Docket Report**

| Defendant | Attorney | 669173 |
|---|---|---|
| Receivables Performance Management, L.L.C.<br>20816 44th Avenue West<br>Lynnwood, WA 98036 | Jack I Siegal<br>Gordon Rees Scully Mansukhani, LLP<br>Gordon Rees Scully Mansukhani, LLP<br>21 Custom House St 5th Floor<br>Boston, MA 02110<br>Work Phone (857) 504-2033<br>Added Date: 10/22/2018 | |

## FINANCIAL SUMMARY

| | Fees/Fines/Costs/Charge | Assessed | Paid | Dismissed | Balance |
|---|---|---|---|---|---|
| | **Total** | 280.00 | 280.00 | 0.00 | 0.00 |

## INFORMATIONAL DOCKET ENTRIES

| Date | Ref | Description | Judge |
|---|---|---|---|
| 09/21/2018 | | Attorney appearance<br>On this date Sergei Lemberg, Esq. added for Plaintiff Stephanie Powers, on behalf of herself and all others similarly situated | |
| 09/21/2018 | | Case assigned to:<br>DCM Track F - Fast Track was added on 09/21/2018 | |
| 09/21/2018 | 1 | Original civil complaint filed. | |
| 09/21/2018 | 2 | Civil action cover sheet filed. | |
| 09/21/2018 | | Notice of 93A complaint sent to Attorney General | |
| 09/21/2018 | | Demand for jury trial entered. | |
| 09/21/2018 | 3 | Plaintiff Stephanie Powers, on behalf of herself and all others similarly situated's  Motion to<br>Appoint a Special Process Server | |
| 09/24/2018 | | Endorsement on Motion to Appoint Special Process Server (#3.0):<br>ALLOWED<br>Notices mailed 9/24/18<br><br>Judge: Connolly, Hon. Rosemary | Connolly |
| 10/09/2018 | 4 | Service Returned for<br>Defendant Receivables Performance Management, L.L.C.: Service through person in charge / agent; Service made on 10/02/18 | |
| 10/22/2018 | 5 | Notice of Removal to the United States District Court filed by<br><br>Applies To: Receivables Performance Management, L.L.C. (Defendant) | |
| 10/22/2018 | | Attorney appearance<br>On this date Jack I Siegal, Esq. added for Defendant Receivables Performance Management, L.L.C. | |

A true copy by photostatic process
Attest:
Asst. Clerk

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 1885CV01463 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Stephanie Powers, on behalf of herself and all others similarly situated vs. Receivables Performance Management, L.L.C. | Dennis P. McManus, Clerk of Courts |
|---|---|
| TO: File Copy ˏ | COURT NAME & ADDRESS Worcester County Superior Court 225 Main Street Worcester, MA 01608 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

#### STAGES OF LITIGATION                    DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 12/20/2018 | |
| Response to the complaint filed (also see MRCP 12) | | 01/22/2019 | |
| All motions under MRCP 12, 19, and 20 | 01/22/2019 | 02/19/2019 | 03/20/2019 |
| All motions under MRCP 15 | 01/22/2019 | 02/19/2019 | 03/20/2019 |
| All discovery requests **and depositions** served and non-expert depositions completed | 07/18/2019 | | |
| All motions under MRCP 56 | 08/19/2019 | 09/16/2019 | |
| Final pre-trial conference held and/or firm trial date set | | | 01/14/2020 |
| Case shall be resolved and judgment shall issue by | | | 09/21/2020 |

**The final pre-trial deadline is not the scheduled date of the conference**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 09/24/2018 | ASSISTANT CLERK Laurie Jurgiel | PHONE (508)831-2350 |
|---|---|---|

Date/Time Printed: 09-24-2018 09:47:00

SCV026\ 08/2018


# LEMBERG **L:** LAW

Sergei Lemberg, Esq. (Admitted in NY, MA, CT, PA, GA) – Principal
Jody B. Burton, Esq. (Admitted in CT, NY, PA, DC)
Stephen Taylor, Esq. (Admitted in CT, NY)
Vlad Hirnyk, Esq. (Admitted in CT, NY)
Jenny DeFrancisco, Esq. (Admitted in NY, CT)
Joshua Markovits, Esq. (Admitted in NY)
Tamra Givens, Esq. (Admitted in FL)
**Of Counsel**
Trinette G. Kent, Esq. (Admitted in AZ, CA)
Sofia Balile, Esq. (Admitted in NY, NJ)
Amy L. Cueller, Esq. (Admitted in IN, WI)
Ruth M. Allen, Esq. (Admitted in NC)
Curtis R. Hussey, Esq. (Admitted in AL, MS, UT)
Sarah Stasch, Esq. (Admitted in WA)

RECEIVED

September 18, 2018

SEP 21 2018

CLERK OF COURTS
WORCESTER COUNTY

## VIA FIRST CLASS MAIL
Worcester County Superior Court
225 Main Street
Worcester, MA 01608

RE:     Powers v. Receivables Performance Management, L.L.C.

Dear Clerk:

Enclosed please find initiatory pleadings with regard to the above referenced matter including:

1. Complaint (original and a copy)
2. Civil Action Cover Sheet (original and a copy)
3. Motion to Appoint Special Process Server (original and a copy)
4. Check for $280.00
5. SASE, One of Filings, One for Return of Motion.

Please contact us should you have any questions.

Sincerely,

/s/Shannon Heuston
Shannon Heuston
Paralegal
203-653-2250x5516

**Main Office**   43 Danbury Road, Wilton, Connecticut 06897   T 203.653.2250   F. 203.653.3424   www.lemberglaw.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHANIE POWERS, *on behalf of herself and all others similarly situated*, <br>      Plaintiff, <br><br> v. <br><br> RECEIVABLES PERFORMANCE MANAGEMENT, L.L.C., <br>      Defendant. | CASE NO. 4:18-CV-40170 |

**DEFENDANT RECEIVABLES PERFORMANCE MANAGEMENT, LLC'S ASSENTED TO MOTION FOR ENLARGEMENT OF TIME TO FILE A RESPONSIVE PLEADING**

Defendant Receivables Performance Management LLC ("RPM") hereby moves for an enlargement of time to file a responsive pleading to the Plaintiff Stephanie Power's ("Plaintiff") Complaint. Specifically, RPM requests to file a responsive pleading within seven (7) days after the disposition of Plaintiff's motion to remand. As grounds, RPM states that:

1. On October 2, 2018, the Plaintiff served RPM with a complaint filed in Worcester Superior Court alleging, among other things, that RPM violated the Massachusetts Consumer Protection Act, Mass. Gen. Laws. ch. 93A, § 2.

2. On October 16, 2018, RPM removed the Plaintiff's Complaint from Worcester Superior Court to the United States District Court of Massachusetts, Central Division. (See Docket No. 1).

3. On October 24, 2018, the Plaintiff filed a motion to remand RPM's removal back to State Court. (See Docket No. 5).

4. On November 7, 2018, RPM filed an opposition to the Plaintiff's motion to remand. (See Docket No. 6).

5. The Plaintiff's motion to remand is currently pending. It is unknown if this case will proceed in Federal Court or be remanded back to State Court.

6. RPM requests an enlargement of time up until seven (7) days after the disposition of Plaintiff's motion to remand to file a responsive pleading to the Plaintiff's Complaint.

7. RPM states that no party is prejudiced by this enlargement of time.

8. The Plaintiff assents to RPM's motion for enlargement of time.

WHEREFORE, RPM requests that this Honorable Court grant its motion and allow RPM to file a responsive pleading within seven (7) days after the Plaintiff's motion to remand is decided.


Respectfully submitted,                              Assented to by,

DEFENDANT, RECEIVABLES                    PLAINTIFF, STEPHANIE POWERS,
PERFORMANCE MANAGEMENT INC.,       By her attorneys:
By its attorneys:


/s/ Jack I. Siegal                                    /s/ Sergei Lemberg
Jack I. Siegal (BBO No. 669173)              Sergei Lemberg (BBO No. 650671)
Gordon & Rees Scully Mansukhani          LEMBERG LAW, LLC
21 Custom House Street, 5th Floor           43 Danbury Road
Boston, MA 02110                                  Wilton, CT 06897
857-504-2033                                        203-653-2250
jsiegal@grsm.com                                  slemberg@lemberglaw.com

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

On November 13, 2018, RPM's counsel conferred with Plaintiff's counsel as to the issues in the present motion.

/s/ Jack I. Siegal
Jack I. Siegal

## CERTIFICATE OF SERVICE

I, Jack I. Siegal, hereby certify that on this 13th day of November, 2018, a copy of the foregoing opposition was served electronically by the U.S. District Court for the District of Massachusetts Electronica Document Filing System (ECF).

/s/ Jack I. Siegal
Jack I. Siegal

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

———————————————————————

STEPHANIE POWERS, on behalf of
herself and all others similarly situated,

Plaintiff,

v.

RECEIVABLES PERFORMANCE
MANAGEMENT LLC,

Defendant.

———————————————————————

CIVIL ACTION

NO. 18-40170-TSH

## ORDER AND MEMORANDUM ON PLAINTIFFS' MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION (Docket No. 4)

### April 18, 2019

**HILLMAN, D.J.**

Stephanie Powers ("Plaintiff") filed a class action lawsuit in Worcester Superior Court alleging Receivables Performance Management LLC ("Defendant") violated Mass. Gen. Laws ch. 93A, § 2 (Count I). On October 17, 2018, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1332. Subsequently, Plaintiff filed the instant motion to remand to state court contending that this Court does not have subject matter jurisdiction. (Docket No. 4). For the reasons stated below, Plaintiff's motion is ***granted***.

### Background

Title 940 Code Mass. Regs. § 7.04(1)(f) (2012) (regulation), implementing Mass. Gen. Laws ch. 93A, § 2, prohibits creditors from "[i]nitiating a communication with any debtor via telephone, either in person or via text messaging or recorded audio message, in excess of two such communications in each seven-day period."

On September 18, 2018, Plaintiff filed a class action complaint in the Worcester Superior Court alleging Defendant repeatedly violated the law by calling her more than two times in a seven-day period. She seeks to represent a class consisting of "[a]ll consumers residing in the Commonwealth of Massachusetts who, within four years prior to the filing of this action, received in excess of two telephone calls regarding a debt from [Defendant] within a seven-day period to their residence, cellular telephone, or other provided telephone number." (Docket No. 1-1 ¶ 20). The civil action cover sheet filed with Plaintiff's Complaint indicates damages of $750,000.

## Legal Standard

Pursuant to 28 U.S.C. § 1332(a), federal district courts have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states.[1]

When an action is filed as a class action, the named plaintiff's claim must exceed $75,000 to confer diversity jurisdiction.[2] The Supreme Court has made clear that "[t]he traditional judicial interpretation . . . has been from the beginning that the separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement." *Snyder v. Harris*, 394 U.S. 332, 335, 89 S.Ct. 1053 (1969). In *Synder*, the Court held that this rule applies to class action plaintiffs. *Id.* at 339-40, 89 S.Ct. 1053; *see also Spielman v. Genzyme Corp.*, 251 F.3d 1, 7 (1st Cir. 2001); *Radlo v. Rhone-Poulenc. S.A.*, 241 F. Supp. 2d 61, 65 (D. Mass. 2002)

---

[1] Plaintiff does not dispute that the parties are diverse, only that Defendant has not met its burden of demonstrating the amount-in-controversy requirement is met.

[2] While this case is a putative class action, Defendant does not argue that CAFA is a basis for removal. Removal pursuant to CAFA requires an aggregative amount in controversy exceeding $5 million. *See* 28 U.S.C. §§ 1332(d), 1453; *Amoche*, 556 F.3d at 43. Because Defendant only argues this Court has traditional diversity jurisdiction, the individual plaintiff's claim must exceed the jurisdictional minimum of $75,000. *See Huston v. FLS Language Centres*, 18 F. Supp. 3d 17, 21 n.1 (D. Mass. 2014).

2

("[N]o court has abandoned the requirement that at least one named plaintiff in a class action suit must meet the amount-in-controversy requirement." (collecting cases)).

"The party invoking federal jurisdiction has the burden of establishing that the court has subject matter jurisdiction over the case. This is true generally for defendants removing to federal court." *Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 48 (1st Cir. 2009) (citation omitted); *see also Danca v. Private Health Care Sys., Inc.*, 185 F.3d 1, 4 (1st Cir. 1999) ("[Removing] defendants have the burden of showing the federal court's jurisdiction."). The First Circuit has not decided how heavy a burden the removing party must bear when proving the amount-in-controversy requirement. *Milford-Bennington R. Co. Inc. v. Pan Am Railways, Inc.*, 695 F.3d 175, 178-79 (1st Cir. 2012). It has, however, held that a defendant removing a case to federal court pursuant to CAFA must demonstrate a "reasonable probability" that the amount in controversy exceeds the jurisdictional minimum. *Amoche*, 556 F.3d at 48-49. "There is no obvious reason why the burden of showing that the jurisdictional amount has been met should be different for removal under diversity of citizenship rather than under CAFA." *Huston*, 18 F. Supp. 3d at 21 (citation omitted); *see also Youtsey v. Avibank Mfg., Inc.*, 734 F. Supp. 2d 230, 236 (D. Mass. 2010) ("In this court's view, every reason the First Circuit used in *Amoche* in arriving at the 'reasonable probability' standard in the context of CAFA applies equally as well" in the context of traditional diversity jurisdiction). I will apply the "reasonable probability" standard here.

To determine if a party has demonstrated a "reasonable probability" that damages exceed the jurisdictional threshold, this Court has utilized the following analytical framework:

> First, if the jurisdictional amount is not facially apparent from the complaint, then a court need look to the notice of removal and any other materials submitted by the removing defendant. However, whether a defendant has shown a reasonable probability that the amount in controversy exceeds the jurisdictional minimum may well require analysis of what both parties have shown. Second, as part of the analysis of whether a removing defendant has met the standard of "reasonable

3

probability," a court may consider which party has better access to the relevant information. Third, a court's analysis of the amount in controversy focuses on whether a removing defendant has shown a reasonable probability that more than the jurisdictional minimum is in controversy at the time of removal. Fourth, any doubts in the evidence should be construed in favor of remand because the court has a responsibility to police the border of federal jurisdiction. Fifth, this preliminary determination concerning whether a defendant has met its burden should be done quickly, without an extensive fact-finding inquiry. Finally, a plaintiff's likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover.

*Reynolds v. World Courier Ground, Inc.*, 272 F.R.D. 284, 286 (D. Mass. 2011) (quotation marks and alternations omitted) (collecting First Circuit cases).

## **Discussion**

The question in this case is whether Defendant has demonstrated with a "reasonably probability" that Plaintiff's damages exceed the jurisdictional threshold. Defendant fires several arguments to convince this Court it has jurisdiction. When the smoke clears, it is apparent that Defendant's volleys have all missed the mark.

"The Court first looks to Plaintiff's specific damage allegations to determine the amount in controversy." *Huston*, 18 F. Supp. 3d at 21 (citing *Coventry Sewage Associates v. Dworkin Realty Co.*, 71 F.3d 1, 6 (1st Cir. 1995)). While Plaintiff does not indicate the amount of damages in her Complaint, Plaintiff's state-court civil cover sheet claims damages of $750,000. (Docket No. 1-3, at 2). Defendant argues this ends the inquiry because the damages clearly exceed the jurisdictional minimum. Plaintiff responds that "the amount of damages listed on the civil cover sheet – $750,000 – refers to the entire expected damages to Plaintiff and the class, and not Plaintiff's individual damages." (Docket No. 5, at 6).

In *Huston*, the plaintiff brought a class action suit and alleged $250,000 dollars in damages on the state-court cover sheet. 18 F. Supp. 3d at 21-22. The defendant in that case, like Defendant

4

here, argued that the amount-in-controversy requirement was consequently satisfied. The court, however, noted that the claim was for a violation of overtime and minimum wage state law and "a claim of $250,000 in individual damages arising out of only seven months of work would lead to absurd results. At $22 per hour, a person would have to work 11,364 unpaid hours to achieve $250,000 in damages; there are only 8,760 hours in a normal (non-leap) year." *Id.* at 22. Therefore, the court concluded that "it is reasonable to conclude that the claimed damages . . . on the cover sheet represented the amount in controversy plaintiff expected the entire class to recover." *Id.* at 22.

Common sense similarly suggests that the damages on Plaintiff's civil cover sheet reflect class-wide damages. Mass. Gen. Laws ch. 91A, § 9(3) allows for damages "in the amount of actual damages or twenty-five dollars, whichever is greater." Therefore, assuming Plaintiff was granted the statutory minimum award of twenty-five dollars, Defendant would have needed to call Plaintiff 30,000 times. Plaintiff alleges that the calls began "[i]n or around September 2018." (Docket No. 1-1, at 4). No more math is required to show that $750,000 of individual damages would be equally absurd here.[3]

---

[3] As noted above the statute does allow a plaintiff to recover actual damages if greater than twenty-five dollars. Defendant argues that, given Plaintiff's claims of emotional distress, $750,000 in damages is a reasonable figure. The Court disagrees. The Supreme Judicial Court has noted that "[e]motional distress damage awards, when made, should be fair and reasonable, and proportionate to the distress suffered." *Stonehill College v. Massachusetts Commn. Against Discrimination*, 411 Mass. 549, 576, 808 N.E.2d 205 (2004). If Plaintiff is entitled to emotional distress damages at all, it still strikes the Court as highly unlikely, if not impossible, that her actual damages would be $750,000.

    The Court is aware that it may not take into consideration whether Plaintiff is likely to succeed on her claim when determining jurisdiction. *See Amoche*, 556 F.3d at 51 ("That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal."). The Court only points out this apparent improbability in order to demonstrate that Plaintiff was likely attempting to estimate class-wide damages rather than claim such a large figure in individual damages. *See Reynolds*, 272 F.R.D. at 286 ("[D]oubts in the evidence should be construed in favor or remand . . . .").

Defendant further argues that it is logically incongruent that damages could be known while class membership is unknown.  Massachusetts law, however, only requires a plaintiff specify "potential damages" and anticipates they will sometimes be "estimated." Mass. Gen. Laws ch. 212, § 3A; *see also Toro v. CSX Intermodal Terminals, Inc.*, 199 F. Supp. 3d 320, 324 (D. Mass. 2016) ("To be sure, civil cover sheets are inherently imprecise, and the extent of a civil cover sheet's role in determining the amount in controversy is not settled in this Circuit."); *Huston*, 18 F. Supp. 3d at 22 ("The statement of anticipated damages [on the cover sheet] merely enables the Clerk of the Court to determine, on the face of the cover sheet, whether the Superior Court has the $25,000 minimum required jurisdiction over the case.").  Accordingly, I find that Plaintiff's claim of $750,000 in damages is most reasonably read as an estimate of class-wide damages. *See Toro*, 199 F. Supp. 3d at 324.

Defendants last argument is a full-court heave and, as expected, an airball.  Defendant argues that Plaintiff's civil action cover sheet alleges $750,000 in damages for breach of contract. It follows, according to Defendant that Plaintiff "believes there is privity between her and [Defendant] (another indication that the damages are personal)." (Docket No. 6, at 3) (quotation marks omitted).  There are no contract claims in this case.  On the civil cover sheet, the contract claims section is below the tort claims section.  Plaintiff indicated $750,000 in total damages under the contract section.  Clearly, Plaintiff mistook the total in the contract section to be the sum of all claims.

Accordingly, I find that Defendant has not established by a reasonable probability that Plaintiff's individual damages exceed the threshold required for this Court to exercise jurisdiction.

## Conclusion

For the reasons stated above, Plaintiff's motion to remand (Docket No. 4) is ***granted***.

6

**SO ORDERED**

                                        */s/ Timothy S. Hillman*
                                    **TIMOTHY S. HILLMAN**
                                    **DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


Stephen Powers
        Plaintiff(s)

                                CIVIL ACTION NO.
        V.                      18-cv-40170-TSH


Receivables Performance Management LLC
        Defendant(s)


**HILLMAN, D.J.**

**ORDER FOR REMAND**

In accordance with the Court's Order issued on 4/18/2019 it
is hereby ORDERED that the above-entitled action be and hereby
is REMANDED to Worcester Superior Court for further proceedings.


                                By the Court,


DATED: <u>April 18, 2019</u>

                                <u>/s/ Sandra Burgos</u>
                                Deputy Clerk