UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STEPHANIE POWERS, | ) ) ) | CIVIL ACTION NO. 4:21-12125-TSH |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| RECEIVABLES PERFORMANCE MANAGEMENT, LLC, | ) ) ) ) | |
| Defendant. | ) ) | |

**ORDER AND MEMORANDUM ON DEFENDANT'S MOTION TO COMPEL ARBITRATION (Docket No. 17), PLAINTIFF'S MOTION TO REMAND (Docket No. 20), and DEFENDANT'S MOTION FOR LEAVE TO AMEND (Docket No. 27)**

**May 3, 2022**

**HILLMAN, D.J.**

In September 2018, plaintiff Stephanie Powers commenced this action against defendant Receivables Performance Management, LLC ("RPM") in Massachusetts Superior Court. After RPM removed the case to federal court in December 2021, Powers moved to remand. (Docket No. 20). For the following reasons, the Court ***grants*** Powers' motion.

**Background**

Powers alleges that she incurred a debt, and that RPM attempted to collect the debt by calling her cellular telephone "at an excessive and harassing rate." Powers alleges that RPM violated Massachusetts law, which prohibits a creditor from "[i]nitiating a communication" with a debtor "in excess of two" times in a seven-day period. *See* M. G. L. c. 93A, § 2; 940 Code Mass. Regs. 7.04(1)(f); *Armata v. Target Corp.*, 99 N.E.3d 788, 793 (Mass. 2018). Powers seeks to represent a class of Massachusetts consumers who, within four years prior to the filing of this

action, "received in excess of two telephone calls regarding a debt from RPM within a seven-day period."

In October 2018, RPM removed the case to federal court, invoking federal jurisdiction under 28 U.S.C. § 1332(a). Concluding that Powers' individual claim did not exceed $75,000, the Court granted Powers' motion to remand.

In December 2021, RPM again removed the case to federal court, this time invoking federal jurisdiction under the Class Action Fairness Act ("CAFA"). CAFA, codified in part at 28 U.S.C. § 1332(d), confers federal jurisdiction over any class action involving (1) 100 or more class members, (2) an aggregate amount in controversy of at least $5 million, and (3) minimal diversity. *See Curtone v. Mortgage Electronic Registration Systems, Inc.*, 749 F.3d 137 (2d Cir. 2014). Powers again moves to remand, contending that RPM has failed to show by a reasonable probability that the amount in controversy exceeds $5 million.

## Discussion

RPM bears the burden of proving the Court's jurisdiction. *See Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 48 (1st Cir. 2009). Under CAFA, RPM "must show a reasonable probability that more than $5 million is at stake." *Id.* at 50. The "pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover." *Id.* at 51. In deciding whether RPM has made the requisite showing, the Court may consider which party has better access to the relevant information.[1] *Id*.

---

[1] RPM apparently has not complied with a discovery order issued by the state court prior to removal. The order, dated October 15, 2021, required RPM to disclose certain requested information within thirty days from the date of the order. On November 17, 2021, RPM moved for a stay in the state court. RPM later withdrew its request for a stay and, on December 23, 2021, removed the case to federal court. RPM has not requested dissolution or modification of the state court order, even though an order issued in a state court prior to removal remains "in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450.

In its notice of removal, RPM represented that, after investigating its call records, it discovered that the number of calls implicated in the class period would, if found unlawful, lead to damages in excess of $5 million, irrespective of any punitive multiplier. RPM further represented that it anticipates that the class size will exceed 100 members, noting that it contacted over 206,000 accounts during the proposed timeframe for the putative class.

Powers argues that RPM's allegations lack the specificity required to prove that the jurisdictional thresholds have been met. Powers contends, for instance, that it is unclear whether the number of "accounts" RPM "contacted" includes everyone RPM contacted or just those who received excess calls. Powers also takes issue with the lack of explanation surrounding RPM's damages calculations.

RPM supplemented its allegations in opposition to Powers' motion to remand. First, RPM submitted a declaration from Mark Case, RPM's general counsel.[2] Case declared that an investigation by RPM's IT team revealed that RPM "appears to have attempted to initiate two or more calls within a seven-day period, at least once during the Class Period," to 202,515 Massachusetts consumers. Second, RPM detailed how it calculated the amount in controversy. A prevailing plaintiff under M. G. L. c. 93A is entitled to a minimum recovery of $25. *See* M. G. L. c. 93A, § 9(3). If each of the 202,515 Massachusetts consumers recovered the minimum $25, the aggregate damages would exceed $5 million. Because M. G. L. c. 93A mandates an award of attorney's fees, moreover, Powers' potential recovery increases further above the $5 million threshold.

---

[2] The Court can and will consider this declaration. *See Amoche*, 556 F.3d at 46, 51 (considering an affidavit submitted with a memorandum in opposition to a motion to remand). RPM's motion to amend its notice of removal to attach the declaration is unnecessary and, therefore, is denied. (Docket No. 27).

RPM's counting of 202,515 Massachusetts consumers is overinclusive of Powers' proposed class. Powers seeks to represent a class of consumers who received "in excess of two" calls in a seven-day period, not a class of consumers who received "two or more" calls in a seven-day period. Perhaps the number of Massachusetts consumers RPM called three or more times in a seven-day period during the class period is not significantly lower than the number of Massachusetts consumers RPM called two or more times in a seven-day period during the class period, such that, with the treble damages available under M. G. L. c. 93A, the amount in controversy still exceeds $5 million. But the record lacks sufficient information from which the Court can make that finding.[3] Based on the information RPM has submitted, the Court cannot find it "reasonably likely" that the amount in controversy exceeds $5 million. *See Hedrick v. CitiMortgage, Inc.*, 2012 WL 1458086, at *2 (S.D. W. Va. Apr. 26, 2012) (granting a motion to remand where the defendant's declaration calculating class size and damages was overinclusive). Therefore, the Court ***grants*** Powers' motion to remand.[4]

**SO ORDERED**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**

---

[3] Indeed, the relevant Massachusetts regulation permits a creditor to place two calls to a consumer in a seven-day period; it only prohibits the creditor from placing more than two calls to the consumer in a seven-day period. *See* 940 Code Mass. Regs. 7.04(1)(f). Accordingly, it seems rather likely that the number of Massachusetts consumers RPM contacted more than two times in a seven-day period during the class period would be significantly higher than the number of Massachusetts consumers RPM contacted three or more times in a seven-day period during the class period.

[4] The Court lacks jurisdiction to decide RPM's motion to compel arbitration, (Docket No. 17), which, in any event, the state court already decided prior to removal.