UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STEPHANIE POWERS, | ) ) ) | CIVIL ACTION NO. 4:21-12125-TSH |
| Plaintiff, | ) ) |  |
| v. | ) ) |  |
| RECEIVABLES PERFORMANCE MANAGEMENT, LLC, | ) ) ) |  |
| Defendant. | ) ) |  |

**ORDER AND MEMORANDUM ON DEFENDANT'S MOTION FOR RECONSIDERATION (Docket No. 37), PLAINTIFF'S MOTION TO REMAND (Docket No. 20) and DEFENDANT'S MOTION TO COMPEL ARBITRATION (Docket No. 17)**

**May 25, 2022**

**HILLMAN, D.J.**

RPM moves for reconsideration of the Court's order granting Powers' motion to remand. The Court granted Powers' motion to remand because the Court could not conclude with reasonable probability that the amount in controversy exceeds $5 million. *See Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 48 (1st Cir. 2009). RPM had submitted a declaration from its general counsel indicating that it had calculated the amount in controversy based on an overinclusive class of Massachusetts consumers who were contacted "two or more" times in a seven-day period during the class period, rather than Powers' proposed class of Massachusetts consumers who were contacted "more than two" times in a seven-day period during the class period.

The Court granted Powers' motion to remand on May 3, 2022, the day after holding a hearing on the motion. Two days later, RPM moved for reconsideration. The Court has not yet

sent the order of remand to the state court, and therefore, may entertain RPM's motion. *See FDIC v. Santiago Plaza*, 598 F.2d 634, 636 (1st Cir. 1979) ("once a district court has decided to remand a case <u>and has so notified the state court</u>, the district judge is without power to take any further action") (emphasis added).

In support of its motion, RPM represents that its general counsel's declaration contained a typographical error. In a new declaration, RPM's general counsel explains his mistake and confirms that the parameters of RPM's calculations matched Powers' proposed class. Attached to the declaration is an email from one of RPM's IT contractors stating that "the number of customers with >2 calls in a 7 day period is . . . 202,515." Having promptly corrected its typographical error, the Court finds that reconsideration is warranted. *Cf. Odishelidze v. Aetna Life & Cas Co.*, 853 F.2d 21, 24 (1st Cir. 1988) (amendments to cure defective jurisdictional allegations are "normally construed liberally so as to avoid dismissals of complaints on technical grounds").

The Court is satisfied that is has subject matter jurisdiction. The parties are minimally diverse, and RPM represents that it appears to have contacted 202,515 Massachusetts consumers more than two times in a seven-day period during the class period; each of those consumers are potential class members and may be entitled to a minimum $25 statutory recovery. Powers urges the Court not to trust the corrected declaration and associated email given the several and repeated typographical errors throughout RPM's papers, but Powers otherwise offers no substantive basis for disbelieving RPM's correction. *See Amoche*, 556 F.3d at 51 ("Merely labeling the defendant's showing as 'speculative' without discrediting the facts upon which it rests is insufficient."). The Court finds that there is a reasonable probability that the amount in controversy exceeds $5 million. Therefore, RPM's motion for reconsideration (Docket No. 37) is ***granted***, and Powers' motion to remand (Docket No. 20) is ***denied***.

In previously granting Powers' motion to remand, the Court denied RPM's motion to compel arbitration, stating that it lacked jurisdiction to decide the motion. Having concluded that the Court now has jurisdiction, the Court will consider the substance of RPM's motion to compel. Prior to removal, the state court issued an order denying RPM's motion to compel arbitration. An order issued in a state court prior to removal "shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. Accordingly, the Court will treat RPM's instant motion to compel arbitration as a motion for reconsideration of the state court order. *See Lechoslaw v. Bank of America, N.A.*, 575 F. Supp. 2d 286, 292 (D. Mass. 2008); *see also Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1304 (5th Cir. 1988).

"A motion for reconsideration is not the venue to undo procedural snafus or permit a party to advance arguments it should have developed prior to judgment, nor is it a mechanism to regurgitate old arguments previously considered and rejected." *Bitcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014) (citations and quotations omitted). "To obtain relief, the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006). Having thoroughly reviewed RPM's submissions in connection with its instant motion to compel arbitration, and the state court orders denying RPM's previous motion to compel arbitration, the Court discerns no manifest error of law warranting reconsideration. Accordingly, RPM's motion to compel arbitration (Docket No. 17) is ***denied***.

**SO ORDERED**

                                              */s/ Timothy S. Hillman*
                                              **TIMOTHY S. HILLMAN**
                                              **DISTRICT JUDGE**