UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHANIE POWERS, on behalf of herself and all others similarly situated,<br>    Plaintiff,<br><br>v.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT, LLC,<br>    Defendant. | Civ. No.: 4:21-cv-12125-MRG |

### MEMORANDUM AND ORDER RE: DEFENDANT'S MOTION FOR LEAVE TO PROPOUND INTERROGATORIES REGARDING PLAINTIFF'S PROPOSED TRIAL PLAN [ECF No. 162].

**GUZMAN, J.**

Plaintiff Stephanie Powers ("Plaintiff" or "Powers") brings suit on behalf of herself and a class of similarly situated individuals, against Defendant debt-collection company Receivables Performance Management LLC ("Defendant" or "RPM") alleging violations of Massachusetts' consumer protection statute, Mass. Gen. Laws ch. 93A ("Chapter 93A"). In short, Powers alleges that RPM engaged in a systemic practice of violating Massachusetts debt collection regulations by initiating telephone communications regarding a debt in excess of two times within a seven-day period to the Plaintiffs' telephones. See 940 CMR § 7.04(1)(f). On September 25, 2025, the Court granted in part the Plaintiff's Motion to Certify a Class, [ECF No. 155], and subsequently granted the Plaintiff's Class Notice Plan, [ECF No. 161].

Defendant RPM now moves this Court for leave to propound interrogatories regarding Plaintiff's proposed trial plan, specific to the Plaintiff's plan to introduce common proof and

1

evidence to establish how each certified class member sustained a privacy and/or distress-related injury. [ECF No. 162].

For the reasons stated below, the motion is **GRANTED IN PART**, the approved interrogatories are appended to this Order.

## I.   BACKGROUND

The parties are familiar with the factual background in this case and the Court will not recite the facts in full. For purposes of this motion, the relevant facts include that Plaintiff intends to ascertain the members of the class using Call Data from the Defendant's own business records. The Call Data is imperfect, containing some duplicate phone numbers, phone numbers associated with businesses, and some call entries from RPM's own phone number, etc. The Call Data was discussed in detail in the Court's order on class certification and summary judgement, [ECF No. 155]. In that Order, the Court indicated that the Defendant could move for decertification if uncurable issues arose in determining the class membership based on the Call Data. Defendant's present filing seeks to obtain information from the Plaintiff on how she intends to resolve some lingering issues with using the Call Data for class certification, as well as on Plaintiff's trial strategy for proving causation and injury.

### A.   Procedural History

This case has a lengthy procedural history familiar to the parties and outlined in other filings on the docket. [See ECF No. 153]. The Court will not repeat the entire history here. In short and relevant to this Order, this action involves a class action for violations of Mass. Gen. Laws ch. 93A. The action was removed to federal court on or about December 23, 2021. [ECF No. 1]. In July 2023, Plaintiff filed a Motion for Class Certification and Defendant filed a Motion for Summary Judgment. [ECF No. 81, 86]. The parties each opposed the respective motions. On

September 25, 2025, this Court issued a Memorandum and Order, granting in part and denying in part RPM's Motion for Summary Judgment and granting in part Plaintiff's Motion for Class Certification. [ECF No. 155]. The Court granted the Plaintiff's Motion for Approval of Notice Plan on November 6, 2025. [ECF No. 161]. Defendant filed a motion to propound interrogatories regarding Plaintiff's proposed trial plan on November 12, 2025. [ECF No. 162]. Plaintiff filed an opposition to the motion on November 2, 2025. [ECF No. 164]. Defendant replied on December 8, 2025. [ECF No. 167].

## II.     LEGAL STANDARDS

As noted in the Court's previous Order, [ECF No. 155], to succeed in class certification, a Plaintiff must demonstrate that four elements of Rule 23(a): numerosity, commonality, typicality, and adequacy, have been satisfied. See Fed. R. Civ. P. 23(a). Under Rule 23(b)(3), in addition to the necessary four factors to establish a class, putative representatives must also convince the Court that "the questions of law or fact common to class members *predominate* over any questions affecting only individual members, and that a class action is superior to other methods. . . ." Fed. R. Civ. P. 23(b)(3) (emphasis added); see Gonzalez v. XPO Last Mile, Inc., 579 F. Supp. 3d 252, 259 (D. Mass. 2022) (citing Walmart Stores, Inc. v. Dukes, 564 U.S. 338, 346 (2011); In re New Motor Vehicles Canadian Export Antitrust Litig., 522 F.3d 6, 18 (1st Cir. 2008)). It is the Plaintiff's burden to "'affirmatively demonstrate' by a preponderance of the evidence that the Rule 23 requirements are met." Gonzalez, 579 F. Supp. 3d at 259 (citing Wal-Mart Stores, 564 U.S. at 350; In re Nexium Antitrust Litig., 777 F.3d 9, 27 (1st Cir. 2015)).

The Court has the discretion to grant leave to a party to serve additional interrogatories "to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 33. Federal rules permit discovery in "any nonprivileged matter that is relevant to any party's claim or *defense* and proportional to

3

the needs of the case, considering the importance of the issues at stake in the action." Fed. R. Civ. P. 26(b)(1) (emphasis added).

### III.    DISCUSSION

To succeed on a Chapter 93A claim as a consumer under Section 9, a plaintiff "must show '(1) a deceptive act or practice on the part of the seller; (2) an injury or loss suffered by the consumer; and (3) a causal connection between the seller's deceptive act or practice and the consumer's injury.'" Gottlieb v. Amica Mut. Ins. Co., 57 F.4th 1, 10 (1st Cir. 2020) (quoting Tomasella v. Nestle USA Inc., 962 F.3d 60, 71 (1st Cir. 2020)). In the case of Nightingale v. Nat'l Grid USA Serv. Co., the First Circuit held that a debt collector violates Section 2 of Chapter 93A not when the debtor successfully *received* a call, but rather when the debt collector *initiates* the call – even if that call goes unanswered and regardless of whether the caller leaves a message. 107 F.4th 1, 7-8 (1st Cir. 2024). The First Circuit, relying in part on Tyler v. Michael Stores, Inc., held that the violation under Mass. Gen. Law ch. 93A, § 2(a) and the injury under § 9 are distinct analyses, because "[t]he section 2 violation can . . . exist without a corresponding section 9 injury." Nightingale, 107 F.4th at 7-8. There is substantial precedent in the First Circuit supporting the argument that "a violation of the applicable regulation, unmoored from allegations of a separate injury, cannot sustain a private cause of action under § 9." Nightingale v. Nat'l Grid USA Serv. Co., 766 F. Supp. 3d 231, 234 (D. Mass. 2025) (citing cases) (denying class certification after finding that plaintiff could not satisfy the predominance requirement).

With respect to class certification, the Court must be satisfied that the proposed class satisfies the predominance requirement of Rule 23(b), and that the Plaintiff's plan can address dissimilar class member claims in a manner that is not "inefficient or unfair." In re Asacol Antitrust Litig., 907 F.3d 42, 51-52 (1st Cir. 2018) (quoting Amgen Inc. v. Conn. Plans & Tr. Funds, 568

4

U.S. 455, 469 (2013); Richard A. Nagareda, Class Certification in the Age of Aggregate Proof, 84 N.Y.U.L. Rev. 97, 107 (2009)). The requirements of Rule 23 must be met even after the Court's initial certification, and "[d]ecertifiation may be justified by post-certification developments such as the discovery of new facts or changes in the parties or in the substantive or procedural law." In re Intuniv Antitrust Litig., No. 1:16-cv-12653-ADB, 2020 U.S. Dist. LEXIS 119289, at *8-9 (D. Mass. July 8, 2020) (internal quotation marks omitted) (quoting Donovan v. Philip Morris USA, Inc., No. 06-cv-12234, 2012 U.S. Dist. LEXIS 37974, at *14-15 (D. Mass. Mar. 21, 2012)).

Defendant argues that absent class-wide proof of causation and injury, it is entitled to challenge each class member's claim. [ECF No. 162-1 at 4]. The Defendant is seeking interrogatories to inquire *how* Plaintiff intends to demonstrate on a class-wide basis that class members sustained invasion of privacy and/or emotional distress-related injuries. The Court does not read the Defendant's motion and proposed interrogatories as a disproportionate request, but as a necessary supplement aligned with general pre-trial practices. As indicated in this Court's summary judgment and class certification order, RPM "may contest the inclusion of given class members by moving for decertification should it discover that there are a substantial number of purported class members who do not meet the criteria of the class definition." See Fed. R. Civ. P. 23(c)(1)(C) ("[a]n order that grants or denies class certification may be altered or amended before final judgment.").

One of the goals of the predominance requirement is the pursuit of efficiency and fairness. In re Asacol Antitrust Litig., 907 F.3d 42, 51-52 (1st Cir. 2018). This Court is not interested in adjudicating all individual potential class members' claims at this time, but some insight on Plaintiff's proposed trial plan is necessary to protect the Defendant's Seventh Amendment and due process rights. In re Nexium Antitrust Litig., 777 F.3d 9, 27 (1st Cir. 2015). Contrary to Plaintiff's

5

argument that these interrogatories are untimely because they are proposed after the discovery period has closed, [see ECF No. 164], the Court believes that these interrogatories are an imperative pre-requisite for trial to reinforce the predominance requirement of Rule 23(b) and to resolve some of the lingering issues regarding using the Call Data to ascertain and prosecute the class action. Bearing in mind that class certification was granted by the Court in September 2025, the request from Defendant is timely.  Rivera-Aponte v. Gomez Bus Line, Inc., 62 F.4th 1, 3 (1st Cir. 2023) ("[t]o ensure the fair and prompt adjudication of cases, a district court must be able to manage its docket effectively and efficiently" and district courts are afforded "a wide margin of discretion in the performance of their case-management functions."). If the Plaintiff is unable to articulate her trial plan for introducing common proof and evidence to establish how class members sustained a privacy and/or emotional-distress-related injury, as required to establish liability under Mass. Gen. Laws. Ch. 93A, the decertification of the class is not off the table.

All of that being said, the Court takes issue with some of the proposed interrogatories and will only **grant in part** Defendant's motion. The Court has modified or struck some of the interrogatories and attaches an approved list of interrogatories as Exhibit A to this order. Some of the original interrogatories Defendant requested are overbroad, irrelevant, or unduly burdensome for the present procedural posture. The Court's version of approved interrogatories are the interrogatories to which the Plaintiff must respond.

## IV.  CONCLUSION

The Court will exercise its discretion consistent with F.R.C.P. 33 to permit Defendant to propound the seven (7) approved interrogatories appended below. Plaintiff will have **thirty (30) days** from the date of this order to respond to the interrogatories and should do so via filing a notice on the docket that includes her responses.

Once the filings are made, the Court will set a status conference with the parties to discuss the Plaintiff's trial plan to introduce the common proof and evidence necessary under F.R.C.P. 23 and 33 to proceed with her class action claim.

For the reasons stated above, the Motion to Propound Interrogatories, [ECF No. 162], is **<u>GRANTED IN PART.</u>**

**SO ORDERED.**

Dated: December 23, 2025

/s/ Margaret R. Guzman<br>
Margaret R. Guzman<br>
United States District Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHANIE POWERS, on behalf of herself and all others similarly situated,<br>              Plaintiff<br><br>v.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT, LLC,<br>              Defendant | )<br>)<br>)<br>)<br>)<br>)  Civ. No.: 4:21-cv-12125-MRG<br>)<br>)<br>)<br>)<br>)<br>) |

**APPROVED INTERROGATORIES TO BE PROPOUNDED UPON PLAINTIFF**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Receivables Performance Management, LLC ("RPM") may propound the following Interrogatories upon Plaintiff, Stephanie Powers.

**INSTRUCTIONS**

1. These Interrogatories are continuing in nature, so as to require you to file supplementary answers, should you obtain further information throughout the course of discovery.

2. Unless otherwise indicated, these Interrogatories refer to the time, place, and circumstances or occurrences mentioned and/or discussed in the relevant pleadings.

3. Where knowledge and/or information in possession of a party is requested, such request includes knowledge of the party's agents, representatives, and, unless privileged, its attorney(s).

4. Should you decline to answer any Interrogatory set forth herein, or any

portion of an Interrogatory, whether based on a claim of privilege or any other claim/objection, please specify the subject matter of the information being withheld, the specific objection relied upon, and describe in detail the nature and basis of your claim.

## DEFINITIONS

1. The standard definitions set forth in U.S. District of Massachusetts Local Rule 26.5(c) shall apply to these Interrogatories.

2. "You" or "your" shall refer to Plaintiff and any of her representatives or agents.

3. "Complaint" shall refer to Plaintiff's Complaint, filed on or about September 21, 2018, in Massachusetts Superior Court, Worcester County, which remains as the operative Complaint in this dispute.

4. "RPM" shall refer to Defendant Receivables Performance Management and any of its representatives or agents.

5. "Certified Class" shall refer to the class certified through the Court's September 25, 2025 Memorandum and Order allowing in part Plaintiff's Motion for Class Certification.

6. "Class List" shall refer to Plaintiff's spreadsheet of members identified as falling within the certified class in this action, which was circulated by Plaintiff's counsel on or about November 6, 2025.

7. The present tense shall include past and future tenses as well. The singular includes the plural, and the plural includes the singular.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please describe which methodology and what evidence you intend to utilize at trial to present class-wide proof of the existence of emotional distress and/or invasion of privacy as a result of RPM's alleged actions, if you do not intend to call upon each member of the Certified Class to testify at trial.

**INTERROGATORY NO. 2:**

Please state with specificity and/or identify all efforts you have made to contact any members of the Certified Class identified in your Class List.

**INTERROGATORY NO. 3:**

Please state with specificity and/or identify each material fact upon which you rely to allege that RPM's alleged acts caused each member of the Certified Class to suffer actual harm.

**INTERROGATORY NO. 4:**

Please state with specificity and/or identify all efforts you have made to determine that each member of the Certified Class maintained the telephone number assigned to them on your Class List between September 2014 and September 2018.

**INTERROGATORY NO. 5:**

Please state with specificity and/or identify all efforts you have made to determine whether any of the members of the Certified Class initiated communications with RPM themselves between September 2014 and September 2018.

**INTERROGATORY NO. 6:**

For class members whose results in the Call Data indicate that RPM left a voicemail, please describe with particularity how you intend to demonstrate that each such class member listened to a voicemail left as a result of an excessive call.

**INTERROGATORY NO. 7:**

Please describe with particularity how, absent class-wide proof of causation, for invasion of privacy or emotional distress injury, individual challenges to causation and injury will be resolved a trial without violating RPM's Seventh Amendment and due process rights.